**Deron HOLLOWAY, Warren Henderson, Lamont Harris, Shawn Stevens and Alfred Dill, Petitioners,**

v.

**Joseph LEHMAN, John Cole, Robert Faneck, Robert Hanks, and Jane Christopher, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 1995.

Decided Feb. 16, 1996.

---

**3.** Our resolution of this issue renders disposition of Appellant's second issue unnecessary.

Deron Holloway, pro se, on behalf of all Petitioners.

Jill A. Devine, Assistant Counsel, for Department of Corrections.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

COLINS, President Judge.

Before this court in our original jurisdiction [1] are preliminary objections filed by the Commissioner of Corrections; [2] Sergeant John Cole, a sergeant at the State Correctional Institution (SCI) Dallas; Robert Faneck, a Business Manager at SCI–Dallas; Robert Hanks, a Business Manager at SCI–Huntingdon; and Jane Christopher, a Business Manager at SCI–Pittsburgh, (respondents) to an amended petition for review filed by the pro se petitioners, Deron Holloway, Warren Henderson, Lamont Harris, Shawn Stevens and Alfred Dill, (petitioners) seeking declaratory, mandamus and equitable relief.

Petitioners aver in their amended petition for review that they are incarcerated individuals all of whom have been subject to individual misconduct hearings conducted by prison officials in connection with the alleged destruction by them of prison property. In each instance the petitioner was determined in a misconduct hearing to have been responsible for the destruction of prison property. In each instance a misconduct decision was issued. Thereafter, without any further opportunity for a hearing, the monetary amount of the damage for which each petitioner was responsible was administratively calculated and the business office of the respective institution directed that money be deducted from the petitioner's prison account to pay the damages.

It is critical to understand that the petitioners here do not seek review of the determinations that they committed the various misconducts, determinations for which an administrative remedy lies, see 37 Pa.Code § 93.9, and for which this court has previously held no appeal lies. *Ricketts v. Central*

---

1. This case was reassigned to the opinion writer on January 5, 1996.

2. Although the petition names former Commissioner Lehman, because the Commissioner is sued in his official capacity, the present Commissioner, Michael Van Horn, is automatically substituted. *See* Pa.R.A.P. 502(c).

*Office Review Committee,* 125 Pa.Cmwlth. 670, 557 A.2d 1180 (1989). What petitioners are challenging is the amount of money that is owed, a determination which, in their cases, was made after the initial decision as to whether each was guilty of the misconduct. Further, as petitioners' brief, makes clear, the calculation in each instance here was made *after the appeal period on the misconduct decision had passed.* Put simply, under the system to which petitioners were subject, the misconduct hearing produces a finding of liability for which an administrative appeal lies. After that period passes, however, a decision on damages is made *administratively, and in complete absence of any due process.* Therefore, petitioners maintain that they have no adequate way in which they can challenge the amount of the damages imposed. They seek, among other things, declaratory and injunctive relief.

Respondents have filed preliminary objections raising lack of original jurisdiction in this court, failure to exhaust administrative remedies and failure to state a cause of action.

■ We first consider the jurisdictional issue. Respondents maintain that petitioners are seeking review of a governmental determination and, hence, that this matter is properly brought within our appellate rather than our original jurisdiction. We cannot agree. As we previously stated, petitioners are not seeking to have their determinations of misconduct overturned.[3] They are seeking a declaration that the method by which the damages portion of the assessment is computed is illegal because they have no opportunity to challenge the amount of the assessment. Further they seek to enjoin permanently the procedures they challenge. This case, therefore, **as pled,** is clearly within our original jurisdiction under Section 761(a)(1) of the Judicial Code since it is an action against a Commonwealth official, the

Commissioner, to which none of the exceptions set forth in Section 761 of the Judicial Code applies. This preliminary objection is, therefore, overruled.[4]

■ Respondents next maintain that petitioners have failed to exhaust administrative remedies. The main purpose of the exhaustion doctrine is to ensure that claims will first be heard by the body having expertise in the area. *St. Clair v. Pennsylvania Board of Probation and Parole,* 89 Pa.Cmwlth. 561, 493 A.2d 146 (1985). It does not apply where the administrative remedy is inadequate. *Id.* We must conclude that in this instance that argument fails.

■ The administrative remedy which respondents rely on is found in DC–ADM 804. This procedure anticipates a complaint being filed by the inmate, an investigation by the grievance coordinator, and a written response being sent to the inmate. An appeal is allowed and review is based on the record established at the level where the grievance coordinator conducts the investigation. There is also a final review available which, again, is based on the record made at the first level. For the reasons that follow, we hold that this procedure is legally insufficient as applied to petitioners' situations.

Petitioners allege that money has been taken from their personal inmate accounts. It is beyond dispute that money is property. *Jones v. Clark,* 607 F.Supp. 251 (E.D.Pa. 1984). Private property cannot be taken by the government without due process. *T.L.C. Services, Inc. v. Kamin,* 162 Pa.Cmwlth. 547, 639 A.2d 926 *petition for allowance of appeal denied,* 538 Pa. 679, 649 A.2d 679 (1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1314, 131 L.Ed.2d 195 (1995). What process is due, at a minimum, to one who has lost property via the action of a Pennsylvania state agency or a Commonwealth official is addressed in the Administrative Agency Law (Law).

---

**3.** In general, a decision finding that a prisoner has committed a misconduct is not subject to appellate review because the court does not get involved in prison management matters. *Ricketts v. Central Office Review Committee,* 125 Pa. Cmwlth. 670, 557 A.2d 1180 (1989). There exists, however, a narrow exception where an inmate can identify a personal or property interest

not limited by regulation. *Lawson v. Department of Corrections,* 114 Pa.Cmwlth. 573, 539 A.2d 69 (1988). In such a situation a decision "may" constitute an adjudication. *Id.*

**4.** *But see* discussion, *infra,* on mandamus count.

We begin with Section 101 of the Law, 2 Pa.C.S. § 101 which defines an "adjudication" as "any ... decision ... by an agency affecting personal or property rights ..." The decision made by the Commissioner [5] through his subordinates to take money from an inmate's account without the inmate's consent is an adjudication under this definition. That being the case, the Law requires *at a minimum* that after reasonable notice, a hearing be conducted. 2 Pa.C.S. § 504. The inmate must be given an opportunity to be heard, all testimony must be recorded, and a full and complete record of the proceedings must be kept. *Id.* Reasonable examination and cross-examination must be allowed. 2 Pa.C.S. § 505. The adjudication must be in writing and contain findings of fact and reasons for the decision. 2 Pa.C.S. § 507. Obviously, the inmate grievance procedures relied on by respondents do not meet the minimum standards established by the Law. Therefore, we overrule the preliminary objection pertaining to the failure to exhaust administrative remedies.[6] We hasten to add, however, by way of explanation, that because there is an adequate administrative remedy provided for in the Law, although it was not the one recognized or employed by respondents, respondents are obligated to furnish, in situations where an inmate's money is being appropriated, a hearing which does comport with the Law. The adjudication produced by that hearing, would, of course, be subject to appeal in this court's appellate jurisdiction. *See* 42 Pa.C.S. § 763. The failure to provide a proper hearing would render the adjudication invalid, *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981), and would result in a remand. *Id.*

 We now consider respondents' demurrer. A demurrer may only be sustained when on the face of the complaint the law will not permit recovery. *Stone & Edwards Insurance Agency, Inc. v. Department of Insurance*, 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992), *affirmed*, 538 Pa. 276, 648 A.2d 304 (1994). All well-pled allegations must be accepted as true. *Id.*

 Respondents demur to the mandamus count and assert that petitioners cannot obtain mandamus to compel review of the decisions to deduct money from their accounts. Mandamus will lie only where the petitioning party demonstrates its clear right to relief, a correspondingly clear duty on the part of the party against whom mandamus is sought, and the want of any other adequate remedy. *Francis v. Corleto*, 418 Pa. 417, 211 A.2d 503 (1965). Further, mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases. *Id.* Although normally the refusal of an agency to grant a hearing is subject to appeal in our appellate jurisdiction, not mandamus in our original jurisdiction, *see O'Brien v. State Employees' Retirement System*, 503 Pa. 414, 469 A.2d 1008 (1983), we believe that this case is distinguishable. Here there is intertwined a question as to whether the administrative remedy afforded petitioners was legally adequate. Therefore, in the very limited factual matrix presented in this case, the request for mandamus to compel a legally sufficient hearing is so intermeshed with the preliminary objection pertaining to failure to exhaust administrative remedies, which is clearly within our original jurisdiction because it also relates to the declaratory and injunctive requests, that we believe the correct approach is to treat the demand for a legally adequate hearing as being in the nature of mandamus in our original jurisdiction. Further, mandamus is an appropriate request because under the Law petitioners have a right and respondents a duty to provide a full due process hearing. *See Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050, 101

---

5. There can be no doubt that the Commissioner of Corrections is an officer of the Commonwealth for purposes of the Law. *See* 2 Pa.C.S. § 101 (Definitions).

6. To the extent respondents rely on federal district court caselaw for the proposition that the disciplinary procedures provided here were le-

gally adequate, we note that nothing in those cases indicates that the amount of damages at issue was unknown by the inmates at the time of the disciplinary hearings or that an issue pertaining to lack of due process as to amount of damages was asserted.

S.Ct. 1771, 68 L.Ed.2d 247 (1981) (mandamus can be used to compel a hearing). Therefore, we conclude that mandamus will lie and overrule the demurrer.[7]

Based on the foregoing discussion, the preliminary objections are overruled and respondents are directed to file an answer to the amended petition for review.

### ORDER

AND NOW, this 16th day of February, 1996, respondents' preliminary objections are overruled and they are directed to file an answer to the amended petition for review within thirty days of entry of this order. *See* Pa. R.A.P. 1516(c).

---

7. Having determined that petitioners have stated a cause of action in mandamus under the *Lawson* due process grounds, we need not decide whether they have also done so with regard to equal protection grounds.