**Craig MOSS, Petitioner**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 12, 2003.

Decided Dec. 5, 2003.

Craig Moss, petitioner, pro se.

Michael J. McGovern, Camp Hill, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Craig Moss petitions for review of the determination of the Department of Corrections Chief Hearing Examiner denying his assessment hearing appeal and sustaining the hearing examiner's decision to assess $3,509.60 in labor expenses against Moss in connection with his actions in intentionally flooding his cell and the surrounding hallways and offices.

Moss, an inmate confined at the State Correctional Institution at Greene, was found guilty, at institutional misconduct no. 394619, of flushing the commode and running the water in his sink to cause the flooding of his cell, the restricted housing unit, and surrounding offices while he was confined at SCI Retreat in November 2002. After final review sustaining the charges against Moss, the Department of Corrections served on Moss a notice of assessment for misconduct, reflecting the facility maintenance manager's report of $5,119.60 in estimated damages.

At an assessment hearing conducted on February 4, 2003, at which the facility business manager presented a breakdown of the $3,509.60 in labor costs for the clean up and repair of the restricted housing unit and surrounding offices. She testified that material costs were estimated to be $1,570. Corrections officers Smith, Gibbons, and Lacina testified that the notice of assessment was served on Moss on February 3, 2003 and that he signed the notice. Based on the credited testimony of the business manager, the hearing examiner found Moss responsible for $3,509.60 in labor expenses. The hearing examiner rejected Moss's contentions that the costs should not be accepted as factual and that the staff who performed the clean up and repair work were already on the state payroll. The hearing examiner did not charge Moss with the cost of repair materials because the business manager did not present an itemized breakdown. The chief hearing examiner denied Moss's appeal.

Although the Department of Corrections' determination that Moss committed the acts charged in misconduct no. 394619 is not subject to our review, its assessment of the fair value of property destroyed and expenses incurred as a result of that misconduct [1] is reviewable in our appellate jurisdiction. *Holloway v. Lehman,* 671 A.2d 1179 (Pa.Cmwlth.1996). On appeal, Moss argues that he was denied due process, that the assessment was based on hearsay evidence, and that the Department of Corrections failed to meet its burden of proving the amount of expenses it incurred as a result of the misconduct. Our review is limited to determining whether necessary findings of fact are supported by the requisite evidence and whether constitutional rights have been vi-

---

1. 37 Pa.Code § 93.10(a)(2)(iii) provides that the Department of Corrections may subject an inmate to sanctions including the "[p]ayment of the fair market value of property lost or destroyed or for expenses incurred as a result of the misconduct."

olated or errors of law have been committed. 2 Pa.C.S. § 704.

■ Our review of the record in this case convinces us that Moss was accorded his full due process rights. Moss was entitled to reasonable notice and a hearing. *Wolff v. McDonnell*, 418 U.S. 539, 557–558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (some kind of hearing required before deprivation of property); *Holloway*. Moss received adequate notice of the estimated damages incurred as a result of his misconduct on February 3, 2003, the day before the hearing. *Wolff*, 418 U.S. at 564, 94 S.Ct. 2963. At the hearing, Moss was given an opportunity to be heard and to ask questions, the hearing was transcribed and video taped, and the adjudication was in writing and contained the hearing examiners findings, credibility determinations, and reasoning. The hearing examiner gave adequate reasons for refusing to permit Moss to submit documentary evidence (i.e., irrelevant to the assessment) and to call witnesses. Due process in the prison disciplinary context does not require confrontation and cross-examination of witnesses. *Id.* at 567, 94 S.Ct. 2963.

■ The record also reveals that the assessment of damages against Moss is supported by substantial evidence in the form of the credited testimony of the facility business manager, who detailed the personnel, their rates of pay, and the hours required to clean up and repair damage caused by Moss flooding his cell. As noted by the Department of Corrections in its brief, Moss did not object to any of this testimony and has therefore waived all objections to these labor costs. Moss did object to the business manager's estimate of material costs, and the hearing examiner agreed that the Department of Corrections did not meet its burden with respect to that portion of the total costs and did

not assess the cost of materials against Moss.

■ We reject Moss's argument that the Commonwealth suffered no loss as a result of his conduct in that he was charged not for damage to property, but for the cost of labor. First, as stated above, 37 Pa.Code § 93.10(2)(a)(iii) permits the Commonwealth to recover expenses incurred as a result of inmate misconduct, and second, this Court has rejected inmate claims based on *Commonwealth v. Figueroa*, 456 Pa.Super. 620, 691 A.2d 487 (1997), and *Commonwealth v. Runion*, 541 Pa. 202, 662 A.2d 617 (1995), that the Commonwealth is not entitled to restitution. *Greene v. Department of Corrections*, 729 A.2d 652 (Pa.Cmwlth.1999); *Anderson v. Horn*, 723 A.2d 254 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 559 Pa. 669, 739 A.2d 167 (1999) (both cases distinguishing *Figueroa* and *Runion*, i.e., no restitution to government agencies as crime victims, and authorized assessment of property loss damages and expenses resulting from inmate misconduct).

As for Moss's allegation that the hearing examiner was "partial towards the Commonwealth's case," the allegation is unsubstantiated by the record and was not raised in Moss's appeal to the chief hearing examiner.

For the reasons stated above, we affirm the determination of the Department of Corrections Chief Hearing Examiner denying Moss's appeal and upholding the assessment of $3,509.60 in expenses incurred as a result of his misconduct.

### *ORDER*

AND NOW, this 5th day of December 2003, the order of the Department of Corrections in the above-captioned matter is affirmed.

Petitioner's application for oral argument is dismissed as moot, and petitioner's application for special relief, which requests relief in connection with an unrelated misconduct and assessment, is dismissed as an improper filing.