**Loretta BAUBLITZ t/a Baublitz Airport,**

v.

**CHANCEFORD TOWNSHIP BOARD OF SUPERVISORS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 2004.

Decided Jan. 7, 2005.

Timothy J. Bupp, York, for appellant.

Michael W. Flannelly, York, for appellee.

BEFORE: LEADBETTER, J., COHN JUBELIRER, J., and JIULIANTE, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

The Chanceford Township Board of Supervisors (Township) appeals an order of the Court of Common Pleas of York County that granted summary judgment in favor of Loretta Baublitz t/a Baublitz Airport (Baublitz), denied the Township's cross motion for summary judgment and issued a writ of mandamus to compel the Township "to enact appropriate airport hazard zoning."

This case centers on a private citizen's attempt to compel the Township to adopt a model airport hazard zoning ordinance to benefit her public airport. The airport relevant to this case is located on a five-acre parcel zoned as an agricultural district in Chanceford Township, York County. Loretta Baublitz's late husband operated the airport as a *private* airport on that property prior to the Township's adoption of a zoning ordinance in 1979, thus making the private airport a pre-existing non-conforming use. In the 1980's Mr. Baublitz applied for and received from the Pennsylvania Department of Transportation, Bureau of Aviation (DOT) a *public* airport license. The airport did not meet DOT's requirements for a public airport but, due to the pre-existing non-conformity, Mr. Baublitz was nonetheless permitted to operate it as a public airport. Among the airport's deficiencies were lack of runway length and width, improper slope of the runway and intrusion into the required air surface of land-based structures such as telephone poles and buildings.

In 1984 the legislature enacted the Airport Zoning Act, (AZA), 74 Pa.C.S. §§ 5911–5920. Beginning in 1991, Mr. Baublitz sought to persuade the Township to adopt a model airport hazard zoning ordinance, which he believed was required under the AZA.

Mr. Baublitz died in 2000 and the license, which was in his name only, expired. Under DOT's rules, a new license cannot be issued until the airport is fully compliant with Federal Aviation Agency (FAA) requirements. However, DOT issued a "letter of temporary operation" to Loretta Baublitz, and it continues to "extend" that letter pending compliance with FAA regulations.

Expensive and extensive renovations are needed to bring the airport into compliance. Baublitz has applied for and received a conditional state grant of funding but, before releasing the funds, DOT has required that she increase control over the

runways and surrounding airspace and will not grant a license until she does so and until the Township enacts an airport hazard zoning ordinance.[1]

Beginning in 2001, Baublitz sought to have the Township amend its zoning ordinance to include airport hazard zoning. The matter was discussed at Township meetings and, in addition, the Township commissioned a study. The study showed that the requested ordinance would put height restrictions on hundreds of landowners and thousands of acres, including the entire village of Brogue, the Township's largest residential area, as well as the entire business and commercial zones of the Township.[2] The Township has not acted definitively on the request to amend the zoning ordinance.

In 2003, Baublitz filed this mandamus action seeking to compel the Township to amend its ordinance to include airport hazard zoning. She based her lawsuit on Section 5912(a) of the AZA, which states:

**Power to adopt airport zoning regulations**

(a) GENERAL RULE.—In order to prevent the creation or establishment of airport hazards, every municipality having an airport hazard area within its territorial limits **shall adopt, administer and enforce,** under the police power and in the manner and upon the conditions prescribed in this subchapter and in applicable zoning law unless clearly inconsistent with this subchapter, *airport zoning regulations for such airport hazard area.* The regulations may divide the area into zones and, within the zones, specify the land uses permitted and regulate and restrict the height to which structures may be erected or objects of natural growth may be allowed to grow. *A municipality* which includes an airport hazard area created by the location of a public airport *is required to adopt, administer and enforce zoning ordinances* pursuant to this subchapter if the existing comprehensive zoning ordinance for the municipality does not provide for the land uses permitted and regulate and restrict the height to which structures may be erected or objects of natural growth may be allowed to grow in an airport hazard area.[3]

74 Pa.C.S. § 5912(a) (emphasis added).

After the parties engaged in discovery, they filed cross motions for summary judgment. The trial court granted Baublitz's motion and denied the Township's cross motion. This appeal followed.[4]

■ On appeal, the Township contends that the language in Section 5912(a) of the AZA is directory, not mandatory, and that common pleas erred in granting summary

---

1. DOT did issue a $7,500 grant to pay for a consulting engineer. (12/16/03 Deposition of DOT Aviation Specialist Gerald Gromlowicz, pp. 45–46.)

2. Merely to indicate the possible ramifications here, DOT's expert testified that approximately 80% of the townships in Pennsylvania with public airports do *not* have airport hazard zoning. (R.R. at 99a.)

3. "Airport hazard" is defined in Section 5102 of the Aviation Code as "[a]ny structure or object, natural or manmade, or use of land which obstructs the airspace required for flight of aircraft in landing or taking off at an airport or is otherwise hazardous to the landing or taking off of aircraft." 74 Pa.C.S. § 5102. Section 5102 of the Aviation Code defines "Airport hazard area" as "[a]ny area of land or water upon which an airport hazard might be established if not prevented as provided in this part." 74 Pa.C.S. § 5102.

4. The Pennsylvania State Association of Township Supervisors has filed an amicus brief in support of the Township. Its input was most helpful to the Court.

judgment[5] and ordering it to adopt a model airport hazard zoning ordinance.[6]

■ The question of whether a statutory provision is directory or mandatory is ascertained from considering the entire act, its nature, its objective and the resultant consequences of a particular construction. *Dubin v. County of Northumberland,* 847 A.2d 769, 772 (Pa.Cmwlth.2004), *petition for allowance of appeal denied,* —— Pa. ——, 863 A.2d 1149, 439 MAL 2004 (December 2, 2004) (quoting from the late Judge Woodside's opinion in *Borough of Pleasant Hills v. Carroll,* 182 Pa.Super. 102, 125 A.2d 466, 469 (1956)). Language is regarded as "mandatory" when it is the "essence of the thing required." *Dubin,* 847 A.2d at 772 (quoting *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia,* 789 A.2d 858, 862 n. 3 (Pa.Cmwlth.2002)).[7] In this case, the essence of the thing required is to "prevent the creation or establishment of airport hazards." 74 Pa.C.S. § 5912(a).

■ In considering the entire Act, we note, first, that the title of Section 5912 is "Power to adopt airport zoning regulations." This provision, thus, concerns a

*grant of power,* not a legislative mandate. Furthermore, we observe that under Section 5915(c) of the AZA, which is the only provision that governs the actual *content* of an airport zoning ordinance, the legislature states that a municipality "shall adopt either in full or by reference any provision of any model zoning ordinance *or* other similar guidelines suggested or published by the [FAA] regarding airport hazard areas." 74 Pa.C.S. § 5915(c) (emphasis added). Section 411 of the Township's Zoning Ordinance (Ordinance) currently contains an airport zoning provision that prohibits flight obstructions, such as towers or chimneys, and limits building heights in approach zones "to provide a clear guide path from the end of the usable landing strip." In addition, this Ordinance provision incorporates, by reference, the standards of the FAA and DOT. We, therefore, conclude that Section 411 of the Ordinance is sufficient to comply with the AZA mandate appearing in Section 5915(c) because it incorporates FAA guidelines.

We also note that this existing Ordinance fulfills the "essence of the thing to be done" by the AZA, *i.e.,* preventing the creation or establishment of airport haz-

5. Our standard of review of the trial court's order granting summary judgment is limited to deciding whether the court committed an error of law or abused its discretion. *Barra v. Rose Tree Media School District,* 858 A.2d 206 (Pa.Cmwlth.2004). Summary judgment may be granted only in those cases in which the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *In Re Estate of Ross,* 815 A.2d 30 (Pa. Cmwlth.2002), *petition for allowance of appeal denied,* 573 Pa. 713, 827 A.2d 1203 (2003).

6. We note that mandamus will lie only where the petitioning party demonstrates its clear right to relief, a correspondingly clear duty on the part of the party against whom mandamus is sought, and the want of any other adequate remedy. *Holloway v. Lehman,* 671 A.2d 1179 (Pa.Cmwlth.1996). Further, mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases. *Id.*

7. In *Dubin,* the statute at issue was one whose object was "to authorize and empower local governments to sell at public sales lands or real estate upon which taxes are assessed delinquent and unpaid." 847 A.2d at 772. In examining the statute *in toto,* considering its nature and object, and reflecting on the consequences of construing it one way or the other, we held that a provision restricting the leasing of property by a tax claim bureau and employing the words "shall ... lease the property for a period not exceeding one (1) year" was directory. *Id.* (citing Section 702(a) of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.702(a)).

ards. This is yet another reason why Section 5912(a) is not correctly read as mandating adoption of the model airport hazard zoning ordinance.[8]

In summary, we cannot conclude that the legislature, merely by providing municipalities with a "grant of power," intended that the AZA *mandate* that the Township adopt a model airport hazard zoning ordinance that will result in a servitude being imposed on the properties of hundreds of landowners and thousands of acres of property, potentially at the Township's expense, all to favor the owner of a single, privately owned five-acre tract of land. Thus, because the Township had no duty to enact the model ordinance, mandamus will not lie to compel it to do so. *Holloway v. Lehman*, 671 A.2d 1179 (Pa. Cmwlth.1996).

Accordingly, the order of the common pleas court is reversed.[9]

### ORDER

NOW, January 7, 2005, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby reversed.

---

8. We also note that as to public safety, requiring the Township to adopt a model ordinance will not make the airport any safer than Baublitz, herself, could by complying with DOT mandates; it will merely shift the *cost* for doing so onto the public by subjecting the Township to potential *de facto* takings claims by neighboring landowners. We note that the Baublitz's have, in the past, negotiated easements with neighbors.

9. Because we conclude that the existing Ordinance is sufficient under the AZA we need not reach the Township's additional argument that the judicial branch may not, through mandamus, compel a *legislative* body to enact an ordinance.