## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Burks, :
               Petitioner :
                         :
               v. :
                         :
Department of Corrections, : No. 684 C.D. 2015
               Respondent : Submitted: November 13, 2015


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge[1]
                HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: March 21, 2016


      Brian Burks (Burks) petitions this Court pro se for review of the Department of Corrections' (Department) March 26, 2015 order directing Burks to reimburse the Commonwealth of Pennsylvania (Commonwealth) $3,363.60 through a monetary assessment against his inmate account for costs caused, arising or stemming from his involvement in an assault on another inmate. Essentially, Burks presents one issue for this Court's review: whether Burks' constitutional rights were violated because the Department failed to order the assessment at the time it made its findings and ordered sanctions for his misconduct. After review, we affirm.

      Burks is an inmate incarcerated at the State Correctional Institution at Houtzdale (SCI-Houtzdale). On July 1, 2014, while housed at SCI-Houtzdale, Burks was found guilty of Class I misconduct (Misconduct) and sanctioned for his involvement in the physical assault on inmate Christopher C. McCoy (McCoy). On

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

August 17, 2014, Burks accepted service of the Department's Notice of Assessment for the costs associated with the Misconduct. On September 8, 2014, Burks was notified that a hearing was scheduled to determine the amount of the assessment. On October 23, 2014, a Holloway hearing[2] was conducted.

The Holloway hearing was conducted by video conference in Burks' presence and before a Hearing Examiner. Evidence was received during the hearing which demonstrated that the Commonwealth sustained a total cost of $5,096.37 for McCoy's medical treatment due to the Misconduct. Under Department Policy DC-ADM 801 § VIII B4 (Department Policy), if assessments are based upon costs incurred to provide medical treatment to an inmate whose injury was caused by another inmate's assaultive conduct, the assaultive inmate shall be required to pay two-thirds of the total cost of medical service provided to the injured inmate. Therefore, in accordance with Department Policy, the Hearing Examiner found Burks responsible for $3,363.60 of McCoy's medical expenses.

On December 9, 2014, Burks was personally served with the Hearing Examiner's Report and Recommendation. On or about December 18, 2014, Burks filed timely Exceptions. On March 26, 2015, the Department denied Burks' Exceptions and entered an order directing Burks to reimburse the Commonwealth $3,363.60. Burks appealed to this Court.[3]

Burks argues that his constitutional rights were violated because the Department failed to order the assessment on July 1, 2014, when it issued its findings

[2] "*See Holloway v. Lehman,* 671 A.2d 1179 (Pa.Cmwlth.1996) (before an assessment of damages against an inmate's prison account can occur, the inmate must be provided with a hearing and adjudication that comports with Sections 504-07 of the Administrative Agency Law, 2 Pa.C.S. §§ 504-07)." *Jerry v. Dep't of Corr.,* 990 A.2d 112, 113 n.2 (Pa. Cmwlth. 2010).

[3] "Our scope of review of the final order of an administrative agency is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence." *Speight v. Dep't of Corr.,* 989 A.2d 77, 79 n.2 (Pa. Cmwlth. 2010).

2

and sanctions for his Misconduct.  Specifically, Burks contends that his constitutional rights were violated because the original Disciplinary Hearing Report he received did not include an assessment sanction, *see* Burks' Br., App. C, as opposed to the Disciplinary Hearing Report he received on October 23, 2014, which did include an assessment.[4]  *See* Burks' Br., App. D.

Burks asserts that by separating the misconduct findings and sanctions from the assessment, he was denied procedural due process because an assessment hearing requires procedural due process, but a misconduct hearing does not.  For this reason, Burks does not dispute the assessment, only the timing thereof because he believes if the two were joined it would have heightened his due process rights at the misconduct hearing.  Burks basically claims that his defense to the assessment is that he is innocent of the misconduct, and since the hearings were separate he could not make this argument.[5]  However, even if the original Hearing Disciplinary Report that Burks received contained an order of assessment, the Holloway hearing still would have occurred at a later date.  Thus, this argument is not sustainable.

---

[4] Notably, Burks received a Notice of Assessment on August 17, 2014.  *See* Certified Record, Tab 3, H. Ex. 4.

Burks also argues that the Department violated CD-ADM-801 § VIII B1 which provides that when, as a result of a misconduct hearing, a hearing examiner orders an inmate to pay costs associated with the Department's loss, that order should be given to the facility business manager. Here, although it appears that one order included the assessment and one did not, there is no evidence as to which order the facility business manager received.  Notwithstanding, which order the facility business manager received is irrelevant to whether Burks' constitutional rights were violated by the separation of the two hearings.

[5] Burks further maintains in his Reply Brief that had he known he would have been assessed costs as a consequence of his misconduct, he would have appealed from the misconduct findings. However, according to Burks' Statement of the Case, Burks was formally charged on June 19, 2014 for his misconduct.  "In said misconduct report it was stated that 'Burks . . . should be assessed **all medical costs associated with McCoy's medical treatment**.'"  Burks' Br. at 5 (emphasis added). Thus, by Burks' own admission he was aware that the assessment was a consequence of the Misconduct.

The misconduct hearing is a prison disciplinary matter. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). "[D]ue process in internal prison disciplinary proceedings does not extend to confrontation and cross-examination of adverse witnesses." *Jerry v. Dep't of Corr.,* 990 A.2d 112, 115 n.4 (Pa. Cmwlth. 2010).[6] Thus, the two hearings were properly bifurcated.

The assessment is a statutory and regulatory consequence of the misconduct. Section 93.10(a) of the Department's Regulations provides in relevant part:

> (1) Inmates found guilty of Class I misconduct charges may be subjected to one or more of the following sanctions:
>
> . . . .
>
> (ii) A sanction permitted for Class II misconducts, without change in class of misconduct.
>
> . . . .
>
> (2) Inmates found guilty of Class II misconducts may be subjected to one or more of the following sanctions:
>
> . . . .
>
> (iii) Payment of the fair value of property lost or destroyed or **for expenses incurred as a result of the misconduct**.

37 Pa. Code § 93.10(a) (emphasis added). Further, Section 3303(b)(2) of the Correctional Institution Medical Services Act[7] states: "an inmate may be required to pay a fee for medical services provided because of injuries the inmate inflicted upon . . . another inmate." 61 Pa.C.S. § 3303(b)(2). Moreover, "no statute of limitation

---

[6] For these reasons, we will not address the issues Burks raised in his brief regarding his Misconduct hearing.

[7] 61 Pa.C.S. §§ 3301-3307.

applies to the assessment, as that assessment [is] a statutorily[-]authorized consequence of [the inmate] being found guilty of institution misconduct." *Brome v. Dep't of Corr.,* 756 A.2d 87, 89 (Pa. Cmwlth. 2000).

Here, Burks was found guilty of Class I misconduct. *See* Misconduct Report, Burks' Br., App. E. Because the Department's assessment was both statutorily and regulatory authorized once Burks was found guilty of the Misconduct, the Department was not required to make the assessment at the time it issued its misconduct finding and sanctions. Accordingly, Burks' constitutional rights were not violated by the timing of the Department's assessment.

For all of the above reasons, the Department's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Burks,                                   :
                          Petitioner           :
                                               :
            v.                                 :
                                               :
Department of Corrections,                     :        No. 684 C.D. 2015
                          Respondent           :

## O R D E R

AND NOW, this 21st day of March, 2016, the Department of Corrections' March 26, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge