662 A.2d 617

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Carl RUNION, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 7, 1994.

Decided July 18, 1995.

Royce L. Morris, James M. Zugay, Harrisburg, for C. Runion.

Richard E. Guida, Joseph M. Sembrot, Harrisburg, for Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

We granted review in this matter to address whether the Department of Public Welfare may be considered a "victim" under 18 Pa.C.S. § 1106 so as to be entitled to restitution for the expenses it incurred in covering the medical expenses of a person who was on public assistance at the time she was injured by appellant. We conclude that a governmental agency of this Commonwealth may not be a victim for the purposes of restitution under the Crimes Code because such agencies are presently excluded from the definition of a "person" under the Statutory Construction Act and thus, may not be considered as a victim.

The pertinent facts in this case are as follows: At approximately 1:30 a.m., on January 12, 1992, Tracy White and her two friends, Pam Amey and Angela Shaffer were sitting at the end of the bar in Smitty's Tavern in Middletown when they heard a loud argument. Upon noticing that appellant and his girlfriend were involved in the argument, Angela Shaffer told the bar manager that appellant was known to cause trouble wherever he went. After the manager warned appellant to desist, appellant confronted Shaffer and told her that he never liked her and that she was "scum." Appellant's boisterous

behavior, however, continued and eventually appellant and his friends were asked to leave the bar, with which they complied.

Approximately twenty minutes later, Tracey White and her friends left the tavern. As they began to walk down the street they noticed appellant, his girlfriend and three other men approach. The girlfriend confronted Shaffer about telling the manager of the bar that appellant was trouble. Pam Amey stood in between Shaffer and the girlfriend in order to prevent the girlfriend from attacking Shaffer. Tracey White then pushed the girlfriend away from her two friends to which appellant responded by grabbing White by the collar and pushing her up against the outside wall of the bar. Pat Frye, the tavern's disc jockey, then jumped in between appellant and White, however, after White refused to comply to appellant's repeated demand that she let go of his shirt, appellant punched her in the right eye. Thereafter, White was rushed to the Hershey Medical Center where she was treated for multiple injuries to the eye. Eventually she needed two operations to repair her eye. Because Tracey White was on welfare at the time of the offense, the medical costs accrued as a result of these injuries were paid in full by the Dauphin County Public Assistance Program, a subagency of the Pennsylvania Department of Public Welfare.

Following appellant's arrest for aggravated assault, a jury trial was held in the Court of Common Pleas of Dauphin County. Appellant was found guilty of simple assault [1] which was graded as a misdemeanor in the third degree because the crime was committed during a scuffle entered into by mutual consent.[2] Appellant was then sentenced to a term of three to twelve months imprisonment, fined $300 and ordered to pay restitution in the amount of $7,261.07 to the Pennsylvania Department of Public Welfare. On appeal, the Superior Court affirmed the judgment of sentence concluding that the agency could be considered a victim but vacated the portion of the judgment ordering restitution finding that the court failed to

1. 18 Pa.C.S. § 2701(a)(1).
2. 18 Pa.C.S. § 2701(b).

adequately determine appellant's ability to pay restitution and remanded for resentencing.

■ It is a well-established principle that the primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is his responsibility to repair the loss or injury as far as possible. *Commonwealth v. Anderson,* 394 Pa.Super. 299, 300, 575 A.2d 639 (1990); *Commonwealth v. Balisteri,* 329 Pa.Super. 148, 155, 478 A.2d 5, 9 (1984); *Commonwealth v. Wood,* 300 Pa.Super. 463, 467, 446 A.2d 948, 950 (1982); *Commonwealth v. Fuqua,* 267 Pa.Super. 504, 508, 407 A.2d 24, 26 (1979). *See also Commonwealth v. Walton,* 483 Pa. 588, 599, 397 A.2d 1179, 1185 (1979) (restitution is an aid to both the criminal in pursuing rehabilitation and to the victim in obtaining some measure of redress). The imposition of such restitution is within the sound discretion of the sentencing court which must be supported by the record. *Commonwealth v. McLaughlin,* 393 Pa.Super. 277, 291, 574 A.2d 610, 617 (1990); *appeal denied,* 527 Pa. 616, 590 A.2d 756 (1991); *cert. denied,* 502 U.S. 916, 112 S.Ct. 320, 116 L.Ed.2d 261 (1991). Furthermore, the court must consider the loss or damages resulting from the crime and the amount that the offender can afford to pay. *Id.*

■ Appellant contends that the award of restitution to the Department of Public Welfare was improper because the Department is not a "victim" in the true sense of the word under 18 Pa.C.S. § 1106 and that therefore, the court cannot order that appellant make payments to a Commonwealth agency for the injuries he caused. We are constrained to agree as we are bound by the clear definitional language the legislature enacted.

■ Section 1106 of the Crimes Code states in relevant part:

> **§ 1106. Restitution for injuries to person or property**
>
> **(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a

direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

(e) **Restitution payments and records.**—Restitution, when ordered by a judge, shall be made by the offender to the probation section of the county in which he was convicted according to the order of the court or, when ordered by a district justice, shall be made to the district justice. The probation section and the district justice shall maintain records of the restitution order and its satisfaction and shall forward to the victim the property or payments made pursuant to the restitution order.

18 Pa.C.S. § 1106. A victim is further defined within § 1106 as, "[a]ny *person*, except an offender, who suffered injuries to his person or property as a direct result of the crime." 18 Pa.C.S. § 1106(h) (emphasis added). The restitution statute, however, fails to specify or provide any guidance as to whether the General Assembly intended to include governmental agencies of this Commonwealth within the definition of a "victim." Accordingly, we are compelled to rely on the definition of a "person" as provided for under the Statutory Construction Act, which states:

The following words and phrases, when used in any statute finally enacted on or after September 1, 1937, unless the context clearly indicates otherwise, shall have the meanings given to them in this section:

**"Person."** Includes a corporation, partnership, limited liability company, business trust, other association, government entity (*other than the Commonwealth* ), estate, trust, foundation or natural person.

1 Pa.C.S. § 1991 (emphasis added). Thus, examining the plain and ordinary meaning of the definition of "person" under the Statutory Construction Act, we must conclude that governmental agencies of this Commonwealth are excluded from the definition of "person" where the legislature has not otherwise spoken. Although an interpretation to the contrary would favor the public policy of rehabilitation of an offender for an

offender's criminal conduct through restitution, such a reading would not be consistent with our rules requiring a strict interpretation of penal provisions and would contravene the canons of statutory construction enacted by the General Assembly which are intended to guide our courts in instances in which statutory interpretation becomes necessary where statutes are not clear on their face. 1 Pa.C.S. § 1901 *et seq.*

For over a decade the courts of this Commonwealth have struggled with the issue of whether parties other than the "direct" victim of the crime are entitled to restitution under 18 Pa.C.S. § 1106. For example, in *Commonwealth v. Galloway,* 302 Pa.Super. 145, 448 A.2d 568 (1982), the Superior Court vacated an order of the lower court directing the defendant to pay restitution to an insurance company which paid for damages caused by defendant's arson of his own home. The court vacated the sentencing court's order reasoning that the insurance company was not a "victim" because payment under the insurance contract was not a loss but merely a contractual obligation.

Furthermore, in *Commonwealth v. Balisteri,* 329 Pa.Super. 148, 478 A.2d 5 (1984), the Superior Court vacated an order compelling the defendant to pay restitution to a psychiatric institution for the expenses it incurred for the psychological treatment of two minor victims of sexual harassment arguing that its decision in *Galloway* stood for the proposition that payment of restitution should be limited to the direct victim and not to third parties who shoulder the financial burden of the victim's losses. *Balisteri,* 329 Pa.Super. at 158, 478 A.2d at 10. *Cf. Commonwealth v. Anderson,* 394 Pa.Super. 299, 300–302, 575 A.2d 639–640 (1990) (individuals who volunteer time and money to the organization "Crime Stoppers" cannot be considered victims).

On the other hand, in *Commonwealth v. Mourar,* 349 Pa.Super. 583, 504 A.2d 197 (1986), *vacated on other grounds,* 517 Pa. 83, 534 A.2d 1050 (1987), the Superior Court considered whether the Pennsylvania Bureau of Drug Control and the Chester County Detectives Office could be considered "victims" within the meaning of the restitution statute where

the trial court ordered the offender to make restitution for the money used by an undercover agent to purchase drugs which eventually led to his conviction. In holding that a governmental agency could be a "victim" under § 1106, the Superior Court reasoned that the agencies in question had in fact suffered a loss of real or personal property as a direct result of the crime. *Mourar*, 349 Pa.Super. at 599, 504 A.2d at 206.

In *Commonwealth v. Kerr*, 298 Pa.Super. 257, 444 A.2d 758 (1982), the Superior Court affirmed an award of restitution to an insurance company that insured the victim's stolen property. In refuting the offenders contention that he should not be responsible for any loss that was covered by the insurance, the court stated that this argument misconstrued the purpose and intent of the restitution statute which was rehabilitative in nature. *Kerr*, 298 Pa.Super. at 260, 444 A.2d at 760. Moreover, in making an analogy to the law of torts, the court recognized, " 'the judicial refusal to credit to the benefit of the wrongdoer money or services received in reparation of the injury caused which emanate from sources other than the wrongdoer.' " *Kerr*, 298 Pa.Super. at 261, 444 A.2d at 760, *quoting Feeley v. United States*, 337 F.2d 924, 926 (3rd Cir.1964) (citations omitted). *See Commonwealth v. O'Kicki*, 408 Pa.Super. 518, 548, 597 A.2d 152, 167 (1991) (the Commonwealth was entitled to an award of restitution as a "victim" where a judge continued to accept his salary after his suspension); *see also, Commonwealth v. Fuqua*, 267 Pa.Super. 504, 511, 407 A.2d 24, 28 (1979) (while the Commonwealth was the victim of the crime of driving under the influence, the trial court properly awarded restitution to the person whose property was damaged as a result of the crime).[3]

**3.** Other state courts with similar statutory language have rendered conflicting decisions as to whether third parties, including governmental agencies, may be a victim for the purposes of restitution. In *People v. Crow*, 6 Cal.4th 952, 864 P.2d 80, 26 Cal.Rptr.2d 1 (1993), the California Supreme Court confronted the issue of whether the Department of Social Services could be considered a "victim" under the California Penal Code where the offender committed welfare fraud. The Court held that although a governmental agency is not a natural person it is nevertheless a victim where the taxpayers who finance the agency suffer a loss. *Crow*, 6 Cal.4th 952 at 957, 864 P.2d at 83, 26

While none of these cases invoked the Statutory Construction Act to define person, we are now compelled to do so.[4] In so doing, and unless or until the legislature enacts language to the contrary, we must find that the Department of Public Welfare, as a Commonwealth entity, is expressly excluded from the definition of a "person", and as such may not be considered as a victim under 18 Pa.C.S. § 1106.

Although we acknowledge that the primary purpose of the restitution statute is rehabilitative in nature, and that the lower court's decision in the matter below would achieve this

Cal.Rptr.2d at 3. In support of this conclusion, the court reasoned that the legislative purposes of restitution, namely compensation for the victim and deterrence for further criminality, are furthered "whether or not the victim is an individual." *Crow*, 6 Cal.4th at 957, 864 P.2d at 84, 26 Cal.Rptr.2d at 4.

The New York Court of Appeals also found that a governmental agency, the Nassau County Police Department, was a "victim" where the agency became legally obligated to pay for medical costs and sick pay because of the injuries sustained by an off-duty police officer in attempting to arrest the offender. *People v. Cruz*, 81 N.Y.2d 996, 998, 615 N.E.2d 1017, 599 N.Y.S.2d 533 (1993). *Accord State v. Davison*, 116 Wash.2d 917, 921, 809 P.2d 1374, 1376 (1991) (where the City of Seattle paid the wages of a fire fighter who sustained injuries resulting from an assault, the City was a victim within the meaning of the restitution statute); *State v. Hopkins*, 526 A.2d 945, 949 (Me.1987) (restitution for charge of welfare fraud was proper where the victim was the State and the injury resulting from the offense was the loss of public monies).

However, in *State v. Newman*, 132 N.J. 159, 623 A.2d 1355 (1993), the Supreme Court of New Jersey considered whether restitution may be ordered to reimburse a county prosecutor's office for its expenditure of drug-buy money used in the defendant's arrest. The Court held that absent specific statutory authority, restitution could not be ordered to reimburse money lost as the result of an undercover drug buy because the restitution statute authorizes the imposition of restitution only when the victim had suffered a loss and that the county prosecutor's office was not a "victim" as the term has been "historically understood." *Id.*, 132 N.J. at 176, 623 A.2d at 1364. *See People v. Evans*, 122 Ill.App.3d 733, 78 Ill.Dec. 50, 461 N.E.2d 634 (1984) (public drug enforcement agency is not a victim where public monies are expended in the pursuit of solving crimes).

4. The definition of "person" as found in the Statutory Construction Act was amended in 1992, in part, to exclude government entities of the Commonwealth. We also note that the definitions provided for under the Act are applicable to any statute finally enacted on or after September 1, 1937, unless the context of the statute indicates otherwise. *See* 1 Pa.C.S. § 1991.

goal, we also recognize that it is for the legislature, and not for this Court, to expand the meaning of the term "victim" under 18 Pa.C.S. § 1106 so as to include governmental agencies of this Commonwealth. Accordingly, we reverse the Superior Court, vacate the trial court's order directing appellant to make restitution to the Department of Public Welfare, and remand this matter to the trial court for proceedings consistent with this opinion.

PAPADAKOS, J., did not participate in the decision of this case.

MONTEMURO, J., is sitting by designation.