Walter ANDERSON, Petitioner,

v.

Martin F. HORN, Randall N. Sears, Robert S. Bitner, L. Paul Bugard, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1998.

Decided Dec. 23, 1998.

Walter Anderson, pro se, petitioner.

Robert M. Wolf, Camp Hill, for respondents.

Before COLINS, President Judge, SMITH, J., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Walter Anderson (Anderson) petitions the Court pro se to review an order of the Department of Corrections (DOC) directing Anderson to reimburse DOC $998.67 from Anderson's inmate account. This petition is addressed to the Court's appellate jurisdiction. Anderson questions whether it is lawful for DOC to withdraw funds for medical restitution from prisoners' accounts and whether the holding in *Commonwealth v. Figueroa*, 456 Pa.Super. 620, 691 A.2d 487 (1997), prohibits DOC from withdrawing funds from prisoners' accounts as restitution for institutional medical and property damages. He also argues that the hearing before the hearing examiner was not properly conducted so as to satisfy his right to due process.

On November 30, 1994, while incarcerated at the State Correctional Institution at Mahanoy, Anderson was found guilty of misconduct for his involvement in a fight with another inmate. On December 9, 1994, while housed at the same facility, Anderson was again found guilty of misconduct, this time for assaulting a correctional officer. As part of the sanction for this misconduct, Anderson was assessed the total costs of $549.50 incurred for medical treatment of the inmate and one-third, or $449.17, of the total cost of $1,347.50 for treatment of the correctional officer. DOC withdrew funds from Anderson's inmate account as restitution. In

April 1997, Anderson petitioned the Court, arguing that the deduction made from his inmate account deprived him of his right to due process. On April 15, 1997, the Court issued a per curiam order directing DOC to provide Anderson with a hearing in accordance with *Holloway v. Lehman*, 671 A.2d 1179 (Pa.Cmwlth.1996).

A hearing was held on October 3, 1997 to determine the specific costs incurred by DOC as a result of Anderson's misconduct. DOC submitted medical records and testimony showing the medical costs involved. DOC presented one witness, Dian Detwiler, supervisor of inmate accounting at the correctional facility. She testified that the documents were accurate copies of the originals located in the records office, and she identified what costs were assessed for each of the incidents. Anderson, representing himself, was present at the hearing and was given an opportunity to cross-examine the witness. He chose not to do so. Instead, Anderson objected to the entire hearing and stated that he planned to file a motion to dismiss; he presented no additional documentary or testimonial evidence. The hearing was recorded, and a full and complete record of the proceeding was retained. Anderson failed to file any exceptions to the hearing examiner's proposed report but instead filed two motions to dismiss. DOC issued a final order adopting the hearing examiner's proposed report and holding Anderson responsible for the total amount of $998.67. In addition, DOC rejected Anderson's motions to dismiss.

■ In general, a decision by DOC finding that a prisoner has committed misconduct is not subject to appellate review because the Court does not become involved in prison management matters. *Ricketts v. Central Office Review Committee*, 125 Pa. Cmwlth. 670, 557 A.2d 1180 (1989). Nevertheless, there exists a narrow exception where an inmate can identify a personal or property interest not limited by regulation. *Lawson v. Department of Corrections*, 114 Pa.Cmwlth. 573, 539 A.2d 69 (1988). If one of these interests is involved, administrative agency law requires that the inmate must be provided with notice and a hearing. *Holloway*. The adjudication issued after the hearing is subject to appeal in the Court's appellate jurisdiction. *Id.*

■ Alluding to a claim of a due process violation, Anderson maintains that DOC is taking these funds without prior notice. It is beyond dispute that money is property, *Jones v. Clark*, 607 F.Supp. 251 (E.D.Pa. 1984), and private property cannot be taken by the government without due process afforded to the owner. *T.L.C. Services, Inc. v. Kamin*, 162 Pa.Cmwlth. 547, 639 A.2d 926 (1994). Reasonable notice and a hearing are required before appropriating funds from an inmate's account without his/her consent. *Holloway*. Because Anderson was provided with a hearing in accordance with *Holloway* pursuant to this Court's April 1997 order, the Court concludes that no due process violations were committed against Anderson.

■ Anderson further contends that the holdings in *Commonwealth v. Figueroa* and *Commonwealth v. Runion*, 541 Pa. 202, 662 A.2d 617 (1995), prohibit DOC from withdrawing funds from prisoners' accounts as restitution for institutional medical expenses and property damage. Anderson argues that DOC is a government agency and therefore may not be considered a person for the purposes of restitution. The *Figueroa* court, however, did hold that a government agency may not be defined as a victim for the purposes of restitution; it made this determination under Section 1106 of the Crimes Code, *as amended*, 18 Pa.C.S. §1106, which pertains to court-ordered restitution following conviction of a crime. The *Runion* court made a similar determination in interpreting that section of the Crimes Code. In addition, Anderson's assertion that the Commonwealth alone is responsible for the medical expenses of a correctional officer injured on the job must also be rejected. While Section 1 of Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. §951, states that the Commonwealth will pay such expenses, it does not preclude DOC from seeking restitution.

The present situation is distinguishable in that DOC is an administrative agency; it is not a criminal trial court vested with sentenc-

ing powers under the Crimes Code. Moreover, DOC's authority to assess damages against an inmate stems from 37 Pa.Code §93.10(a)(2)(iii) and Section 3(b) of the Prison Medical Services Act, Act of May 16, 1996, P.L. 220, 61 P.S. §1013(b). Section 93.10(a)(2)(iii) reads in relevant part: "Inmates found guilty of Class II misconducts may be subjected to one or more of the following sanctions: ... (iii)[p]ayment of the fair value of property lost or destroyed or for expenses incurred as a result of the misconduct." Section 3(b) of the Prison Medical Services Act reads in pertinent part: "[A]n inmate may be required to pay a fee for medical services provided because of injuries the inmate inflicted upon himself or another inmate." Also, 37 Pa.Code §93.12(e) states that an inmate shall pay two-thirds of the total cost of medical services provided to another inmate due to the assessed inmate's assaultive conduct.

Anderson's arguments concerning the hearing held by DOC can be summarized into two categories. First, DOC presented medical documents that were illegible and deprived Anderson of his right to reasonable review and cross-examination under *Holloway*. Anderson never made this specific objection during the hearing; rather he objected generally to the entire proceeding. A party must make a timely, specific objection to preserve an issue for appellate review. *See generally Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). In any event, the document is sufficiently legible so as to permit determination of the costs for the medical services provided. Second, DOC did not return Anderson's funds before the Court-ordered hearing was held, and Anderson maintains that, as a consequence, he was deprived of his property before the hearing. In *Jones* the court held that a post-deprivation remedy does not satisfy due process if the deprivation occurred pursuant to a prison disciplinary proceeding. However, the matter at hand is distinguishable because in *Jones* no hearing was ever held, and the inmate was never given an opportunity to present evidence. In addition, this Court's per curiam order did not direct DOC to return the funds to Anderson's account before the hearing, and

had he prevailed, the funds would have been returned to him. Thus the failure to transfer these funds prior to the hearing on remand constitutes harmless error.

It should be noted, however, that DOC's order appears to assess Anderson for 100 percent of the medical costs for the injured inmate and one-third of 100 percent of the costs for the correctional officer. If so, the assessment does not conform to the formula established by 37 Pa.Code §93.12(e), and the order must be modified accordingly. Therefore, the order of the Department of Corrections is affirmed on the merits, but the matter is remanded to DOC for any appropriate modification of Anderson's assessment in accordance with 37 Pa.Code §93.12(e).

### ORDER

AND NOW, this 23rd day of December, 1998, the order of the Department of Corrections is affirmed on the merits, but the matter is remanded to the Department of Corrections for any appropriate modification of the assessment against Petitioner.

Jurisdiction relinquished.