**Thomas GREENE, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 19, 1999.

Decided April 19, 1999.

---

Thomas F. Greene, petitioner, pro se.

William E. Fairall, Jr., Camp Hill, for respondent.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

LORD, Senior Judge.

Thomas Greene petitions the Court *pro se* to review an order of the Department of Corrections (Department) directing Greene to reimburse the Department $1,879.55 through an assessment from Greene's inmate account. This petition is addressed to the Court's appellate jurisdiction.

The Department adopted the following proposed findings of fact made by its hearing examiner,[1] which findings are uncontested by Greene.

1. Thomas Greene is an inmate housed at the State Correctional Institution at Greene.

2. On August 12, 1993, while housed at the State Correctional Institution at Huntingdon, Mr. Greene was found guilty of institution misconduct number 569324 for his involvement in the August 2, 1993 assault of inmate AP–9385 Pennachio.

3. On February 12, 1997, a notice of hearing was delivered to Mr. Greene notifying him of a February 27, 1997 date established for a hearing to receive testimony and other evidence relevant to the assessment of his inmate account for costs arising from misconduct number 569324.

4. On February 27, 1997, a hearing was conducted to determine the amount of the costs incurred by the Commonwealth as a result of Mr. Greene's misconduct as described in number two (2) above.

5. As a result of Mr. Greene's involvement in misconduct number 569324, the Commonwealth incurred a total cost of $1,879.55 for the medical care provided to inmate AP–9385 Pennachio as a result of the assault by Mr. Greene. The total assessment to inmate Greene for his involvement in misconduct number 569324 was thus established as $1,879.55.

(Department Hearing, Docket No. H–06, p. 1)

■ Greene raises three arguments before us. First, he contends that it is unlawful for the Department to withdraw funds from a prisoner account for medical restitution. As authority for this proposition, Greene incorrectly relies on *Commonwealth v. Runion*, 541 Pa. 202, 662 A.2d 617 (1995), and *Commonwealth v. Figueroa*, 456 Pa.Super. 620, 691 A.2d 487 (1997). In *Figueroa* and *Runion*, the defendants were ordered to pay restitution,

---

1. When the Department began deducting monies from a prison account for reimbursement of the Department's expenses resulting from Greene's prison misconduct, Greene filed a petition for review in the nature of mandamus, seeking an order compelling the Department to desist assessing his account. This Court, on consideration of Greene's mandamus petition, ordered the Department to stop deducting money from Greene's account and to hold a hearing pursuant to the dictates of *Holloway v. Lehman*, 671 A.2d 1179 (Pa. Cmwlth.1996). Greene was provided with notice of such a hearing on February 12, 1997. He was present at the hearing of February 27, 1997, at which time a hearing examiner reviewed testimony and documentary evidence, and allowed cross-examination of witnesses. On May 14, 1997, the hearing examiner issued a proposed report and, when notified of his opportunity to challenge that report by filing exceptions to it with the Department, Greene did so. On September 8, 1998, the Department mailed to Greene a final adjudication adopting the hearing examiner's proposed report. Greene does not in his petition for review challenge the process that resulted in the Department's adjudication; he takes issue only with its outcome.

pursuant to Section 1106 of the Crimes Code, 18 Pa.C.S. § 1106, to government agencies in connection with their conviction for criminal offenses. On appeal, it was held that the restitution statute did not apply to government agencies and, accordingly, the restitution orders entered by the court of common pleas were vacated. However, this Court in *Anderson v. Horn*, 723 A.2d 254 (Pa.Cmwlth.1998), held that the Department has the statutory and regulatory authority to assess an inmate's account stemming from certain inmate misconduct.[2] In so holding, we pointed out that the *Figueroa* and *Runion* cases were not applicable, since they held that a *government agency* may not be defined as a victim for the purposes of restitution. As in *Anderson*, the instant matter involves the Department, which is an *administrative agency. See Anderson*, 723 A.2d at 257. Accordingly, we must dismiss this argument as without merit.

Second, Greene argues the hearing examiner erred when he allowed the admission of a hospital invoice as evidence of the medical costs incurred by the injured inmate. We consider this argument waived, since no objection to admission of the document was made and no such argument was presented during the hearing. *See generally Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

Greene's final contention of error is that the Department lacked the jurisdiction to deduct monies from his prison account in this matter because, he alleges, a two-year statute of limitations applies to actions for civil penalties or forfeitures, and the assessment did not proceed in that time period. We disagree. In the instant matter, the Department has brought no cause of action against Greene. The Department made an assessment against Greene's prison account without any kind of action at law. The assessment in question was a statutorily authorized conse-

quence of Greene being found guilty of institution misconduct. *See Ricketts v. Central Office Review Committee*, 125 Pa. Cmwlth. 670, 557 A.2d 1180 (1989) (Inmate misconducts are a matter of internal prison management and do not constitute adjudications). Hence, there is no statute of limitations applicable to the Department's assessment against Greene.

The order of the Department is affirmed.

### ORDER

AND NOW, this 19th day of April, 1999, the order of the Department of Corrections, in the above-captioned matter, dated September 8, 1998, is hereby affirmed.

---

2. The Department's authority to assess damages against an inmate stems from 37 Pa. Code § 93.10(a)(2)(iii) and Section 3(b) of the Prison Medical Services Act, Act of May 16, 1996, P.L. 220, 61 P.S. § 1013(b).