Edward JONES, Petitioner

v.

DEPARTMENT OF CORRECTIONS, Chief Hearing Examiner Robert R. MacIntyre, Acting Secretary Shirley R. Moore Smeal, Superintendent, Somerset, Gerald Rozum, Business Office Manager, Inmate Records Supervisor, Inmate Account Officers, Medical Supervisor, Misconduct Hearing Examiner Joseph Dupont, Security Office, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 28, 2011.

Decided Feb. 13, 2012.

Edward Jones, pro se.

Debra Sue Rand, Assistant Counsel, Mechanicsburg, for respondents.

BEFORE: LEADBETTER, President Judge [1], and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge BROBSON.

Edward Jones (Jones), an inmate at the State Correctional Institution at Somerset (SCI–Somerset), petitions for review of an order of the Acting Secretary of the Department of Corrections (DOC), upholding (with modification as to the amount) an assessment under the Correctional Institution Medical Services Act, 61 Pa.C.S. §§ 3301–3307, against Jones for costs of medical services provided to another inmate as a result of an assault on the inmate by Jones.[2] For the reasons that follow, we affirm DOC's order.

The record reveals that Jones, while housed at SCI–Somerset, was involved in an assault against inmate Braheem Bridges (Bridges), causing Bridges to suffer considerable injuries. (Certified Record (C.R.), Item No. 4, Exhibit HE2.) As a result, DOC issued misconduct number 401080 against Jones. (*Id.*) Following a disciplinary hearing, a hearing examiner determined Jones to be "guilty" of the misconduct and imposed sanctions, including the assessment of medical costs associated with the misconduct. (C.R., Item No. 4, Exhibit HE3.) On May 28, 2010, Jones received a "notice of assessment for misconduct," assessing $49,390.06 against him for hospital and physician fees for surgery on Bridges. (C.R., Item No. 1.) A hearing examiner conducted a *Holloway*[3] hearing on July 15, 2010, for the purpose of determining the amount of the assessment to be imposed against Jones. (C.R., Item No. 4.)

At the hearing, the Commonwealth presented two witnesses, Mr. Barry Schafer, DOC's budget analyst, and Ms. Delores Chaney, DOC's accountant, to substantiate the amount of the assessment. Ms. Chaney presented four medical bills requesting a total of $74,092.50 for Bridges' treatment. (*Id.* at p. 10.) Based on that

---

1. This case was assigned to the opinion writer on or before January 6, 2012, when President Judge Leadbetter completed her term as President Judge.

2. Pursuant to the Correctional Institution Medical Services Act, DOC is responsible for developing and implementing what is referred to as The Medical Services Program (Program). 61 Pa.C.S. § 3303(a). The Program "is a program requiring inmates to pay a fee to cover a portion of the actual costs of the medical services provided." *Id.* The Correctional Institution Medical Services Act directs DOC to develop regulations for the Program that include fees for certain medical services and "consistent medical services guidelines by specifying the medical services which are subject to fees, the fee amounts, payment procedures, medical services which are not subject to fees and fees applicable to medical emergencies, chronic care and preexisting conditions." 61 Pa.C.S. § 3303(b)(1). "In ad-

dition to other medical services provided to the inmate, *an inmate may be required to pay a fee for medical services provided because of injuries the inmate inflicted upon himself or another inmate.*" 61 Pa.C.S. § 3303(b)(2) (emphasis added). Under the Correctional Institution Medical Services Act, upon a prisoner's release, DOC may seek to recover amounts owed by an inmate for medical services by filing a civil action within one (1) year of his release, although an inmate's inability to pay shall be a defense to payment of some or all of the fees. 61 Pa.C.S. § 3305.

3. In accordance with *Holloway v. Lehman,* 671 A.2d 1179 (Pa.Cmwlth.1996), before an assessment of damages against an inmate's prison account can occur, DOC must provide the inmate with a hearing and adjudication that complies with Sections 504 through 507 of the Administrative Agency Law, 2 Pa.C.S. §§ 504–07.

figure, Ms. Chaney requested that DOC be reimbursed $49,390.06, which represented two-thirds (2/3) of the amount billed. (*Id.*) Jones also presented testimony at the hearing and had an opportunity to cross-examine DOC's witnesses. In presenting his case, Jones attempted to prove that DOC is unable to recover funds from his inmate account for restitution based on established precedent. (*Id.* at p. 15.)

■ Subsequent to the hearing, DOC filed proposed findings of fact, to which Jones filed exceptions. (C.R., Item No. 8.) By opinion and order dated January 10, 2011, the Acting Secretary for DOC, Shirley R. Moore Smeal (Acting Secretary), denied those exceptions, but modified the amount of the assessment. (C.R., Item No. 13.) The Acting Secretary concluded that, pursuant to *Anderson v. Horn,* 723 A.2d 254 (Pa.Cmwlth.1998), *appeal denied,* 559 Pa. 669, 739 A.2d 167 (1999), DOC is entitled to collect payment for costs of medical services for injuries that an inmate inflicts on another inmate. (*Id.* at. p. 2.) The Acting Secretary, however, found that although DOC's invoices reflected a total amount billed of $74,092.50, the medical providers accepted $29,073.85 as payment in full for their services. (*Id.*) Accordingly, the Acting Secretary assessed the amount of $19,382.56 (which figure represents two-thirds of $29,073.85)

against Jones. (*Id.* at p. 3.) Based on DOC's Administrative Directive, DC–ADM 801, Section 8, an inmate is required to pay a fee equivalent to two-thirds of the total cost of medical services provided.[4] Jones then filed a petition for review with this Court.

On appeal,[5] Jones essentially argues that his due process rights were violated at the *Holloway* hearing and that an error of law was committed when DOC assessed his inmate account in order to collect restitution.

■ We first address Jones' due process argument. Jones specifically alleges that DOC withheld certain documents, which deprived Jones of the opportunity to view those documents prior to the *Holloway* hearing on July 15, 2010. We initially note that a party must make a timely and specific objection to preserve an issue for appellate review. *Anderson,* 723 A.2d at 257; *see also Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974) (abolishing basic and fundamental error doctrine and requiring parties to make contemporaneous objections at trial to preserve issues for appeal); *Criswell v. King,* 575 Pa. 34, 40, 834 A.2d 505, 508 (2003). Here, Jones failed to make any objection at the hearing that the Commonwealth deprived him from viewing the documents prior to the hearing. Jones, therefore,

4. DOC's administrative directive DC–ADM 801, entitled Inmate Discipline Procedures Manual, includes Section 8 (revised November 2009), which addresses Assessments of Financial Losses and Costs. Specifically, Section 8(B)(4) of DC–ADM 801 provides, in part, that "if the assessment is based upon costs incurred to provide medical treatment to an inmate whose injury was caused by another inmate's assaultive conduct, the assaultive inmate shall be required to pay a fee equivalent to two-thirds of the total cost of medical services provided to the injured inmate." A copy of DC–ADM 801 (revised November 2009) may be found at *http://www.cor.*

*state.pa.us/portal/server.pt/community/doc_policies/20643.*

5. This matter comes under this Court's appellate jurisdiction as an agency appeal. Section 763 of the Judicial Code, 42 Pa.C.S. § 763. This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

waived any argument with regard to the documents presented as evidence at the hearing.[6]

■ We next address Jones' argument that DOC committed an error of law. Pursuant to the Correctional Institution Medical Services Act and DOC's regulations establishing the Program, the latter of which is codified at 37 Pa.Code § 93.12 (entitled Prison Medical Services Program), DOC may recover from an inmate costs of medical services provided due to an injury that an inmate inflicts upon another inmate. 61 Pa.C.S. § 3303(b)(2); 37 Pa.Code § 93.12. To recoup fees for medical services, DOC has the authority to withdraw funds for medical restitution from an inmate's account, where the inmate is found guilty of misconduct for an involvement in an assault with another inmate.[7] *Anderson,* 723 A.2d at 256–57.

■ Jones, however, believes that DOC committed an error of law because

DOC is not entitled to recover restitution as a government agency. To support that proposition, Jones relies on *Commonwealth v. Figueroa,* 456 Pa.Super. 620, 691 A.2d 487 (1997), a Superior Court case which held that a government agency may not be a victim for the purposes of restitution under the *Crimes Code.*[8] *Figueroa,* 691 A.2d at 490; *Commonwealth v. Runion,* 541 Pa. 202, 210, 662 A.2d 617, 621 (1995). Jones' argument, however, is misplaced. *Anderson* quite clearly held that DOC is entitled to collect fees as a "victim" for purposes of restitution, which is distinguishable from restitution available under the Crimes Code. *Anderson,* 723 A.2d at 256–57. The Court in *Anderson* held that DOC is an administrative agency, not a criminal trial court vested with sentencing powers under the Crimes Code. *Id.* at 256. DOC, therefore, by statutory and regulatory authority, may assess inmates for property damage and medical expenses resulting from various types of misconduct.[9]

---

6. We note that at the hearing, Jones had the opportunity to present his case, cross-examine witnesses, and review all documents presented. Moreover, the record reflects a discussion pertaining to the documents presented by DOC. Specifically, upon presentation of medical invoices, the Hearing Examiner ordered DOC to provide Jones with copies of those invoices. (C.R., Item No. 4 at p. 9.) Furthermore, when asked if he was able to follow along as the documents were presented, Jones responded affirmatively. (*Id.* at p. 10.)

7. We also note that DOC's regulation regarding inmate misconducts authorizes DOC to sanction inmates found guilty of Class II misconducts by requiring the inmate to pay costs for property damage or *other* expenses resulting from their misconduct. 37 Pa.Code § 93.10(a)(2)(iii). Any sanctions permitted for Class II misconducts are also permitted for Class I misconducts, a class that includes assault and aggravated assault. *Id.; Brome v. Dep't of Corr.,* 756 A.2d 87, 89 (Pa.Cmwlth. 2000). DOC classified Jones' misconduct as Class I. (C.R., Item No. 4, Exhibit HE2.)

8. *See* 18 Pa.C.S. §§ 101–7661. *Figueroa* based its decision on Section 1106 of the Crimes Code, 18 Pa.C.S. § 1106, which pertains to court-ordered restitution subsequent to a criminal conviction. *See Anderson,* 723 A.2d at 256.

9. While we conclude that DOC is authorized to deduct funds from an inmate account for certain inmate misconduct, we note that at the *Holloway* hearing DOC failed to substantiate any amount *paid* for medical services. Rather, DOC presented four medical invoices, showing that DOC was *billed* $74,092.50. (C.R., Item No. 4 at p. 10.) The Acting Secretary's opinion indicates that the amount actually accepted as payment in full for the medical services provided totaled $29,073.85. (C.R., Item No. 13 at p. 2.) DOC never presented this figure at the hearing, and the Acting Secretary's opinion does not substantiate the amount in her opinion. Because DOC failed to validate the amount actually distributed and accepted as payment in full, we are unable to verify that DOC assessed the correct amount against Jones. Jones, however, does

*See Jerry v. Dep't of Corr.*, 990 A.2d 112, 114 (Pa.Cmwlth.2010), *appeal denied,* 608 Pa. 649, 12 A.3d 372 (2011); *Brome,* 756 A.2d at 89.

Accordingly, we affirm.

### ORDER

AND NOW, this 13th day of February, 2012, the order of the Department of Corrections is hereby AFFIRMED.

not raise this issue on appeal, so the issue is not before the Court.