J-S39040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDRE MELVIN MOULTON, | : | |
| | : | |
| Appellant | : | No. 404 EDA 2015 |

Appeal from the Judgment of Sentence entered on January 9, 2015
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0004350-2012

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 01, 2015**

Andre Melvin Moulton ("Moulton") appeals from the judgment of sentence imposed following his conviction of driving under the influence ("DUI"), and careless driving.  ***See*** 75 Pa.C.S.A. §§ 3802(a), 3714(a). Additionally, J. Anthony Foltz, Esquire ("Foltz"), Moulton's counsel, has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Foltz's Petition to Withdraw and affirm Moulton's judgment of sentence.

On April 14, 2012, Moulton hit a utility pole with his vehicle near the intersection of Route 291 and Route 420 in Tinicum Township, Delaware County.  The impact of the collision severed the pole.  Police officers arriving at the scene found Moulton outside his vehicle and noted that he smelled of

alcohol, was slurring his speech, and staggering. Moulton was arrested after failing three field sobriety tests.

The case proceeded to a non-jury trial, after which Moulton was found guilty of DUI and careless driving. On January 9, 2015, the trial court sentenced Moulton to 72 hours to six months in jail, with credit for time served. The trial court also ordered Moulton to pay a $5,000 fine and restitution to PECO Energy Company ("PECO"), the owner of the damaged utility pole and wires, in the amount of $14,067.

Moulton filed a timely Notice of Appeal. The trial court ordered Moulton to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement. In response to the 1925(b) Order, Foltz filed a Notice of intent to file an **Anders** brief and the trial court issued an Opinion.

On appeal, Foltz has filed an **Anders** Brief raising the following question: "Was the restitution penalty imposed on [] Moulton of $14,067 to be paid to PECO inappropriate?" **Anders** Brief at 3. Foltz filed a separate Petition to Withdraw with this Court on April 14, 2015. Moulton filed neither a *pro se* brief, nor retained alternate counsel for this appeal.

We must first determine whether Foltz has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first

examining counsel's request to withdraw.") (citation omitted). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Foltz has complied with each of the requirements of *Anders* and *Santiago*. Foltz indicates that he conscientiously examined the record and determined that an appeal would be frivolous. Further, Foltz's brief meets the standards set forth in *Santiago* by providing a factual summation of Moulton's case, with support for his conclusion that the trial court's Order of

restitution to PECO is legal, reasonable and supported by the intent of the legislature, rendering Moulton's appeal wholly frivolous. Finally, Foltz provided a copy of his letter to Moulton, informing him of his intention to withdraw as counsel and advising him of his rights to retain new counsel, proceed *pro se*, and file additional claims. Because Foltz has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Moulton's appeal is, in fact, wholly frivolous.

Moulton, citing to **Commonwealth v. Runion**, 662 A.2d 617 (Pa. 1995), asserts that because PECO operates a public utility and is heavily intertwined with the government, it should be treated as a government agency of the Commonwealth, rendering it ineligible to receive restitution. **Anders** Brief at 7. This assertion implicates the legality of Moulton's sentence. **See Commonwealth v. Walker**, 666 A.2d 301, 307 (Pa. Super. 1995) (stating that "this court has long held that challenges to the appropriateness of a sentence of restitution are generally challenges to the legality of the sentence") (citation omitted). Legality of sentence claims present questions of law, to which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Bowen**, 55 A.3d 1254, 1265 (Pa. Super. 2012).

Section 1106 of the Crimes Code authorizes orders of restitution for injuries to property and provides, in relevant part, that:

**(a) General rule.** – Upon conviction for any crime wherein property has [] its value substantially decreased as a direct result of the crime, [] the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

**(c) Mandatory restitution.** –

**(1)** The court shall order full restitution:

**(i)** Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. . . .

\* \* \*

**(2)** At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

**(i)** Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

\* \* \*

**(h) Definitions.** – As used in this section, the following words and phrases shall have the meaning given to them in this subsection:

\* \* \*

**"Victim"** – As defined in section 479.1 of the act of April 9, 1929 (P.L.177, No.175), known as The Administrative Code of 1929. The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S.A. § 1106.

Here, PECO was the direct victim of the property damage caused by Moulton's crime. *See Commonwealth v. Veon*, 109 A.3d 754, 770 (Pa. Super. 2015) (stating that orders of restitution are authorized to compensate any direct victim of crime, even where the Commonwealth itself is the victim); *see also Commonwealth v. Brown*, 981 A.2d 893, 897-901 (Pa. 2009) (stating that the legislative intent of restitution is primarily rehabilitation and deterrence, as indicated by amendments broadening the class of entities eligible to receive restitution to include any entity that incurs expense on a victim's behalf, including government agencies).[1]  Therefore, even if Moulton had been able to establish that PECO is a government agency or state actor, Moulton's claim that PECO is ineligible to receive restitution as a public utility provider is without merit.  Accordingly, we discern no error by the trial court in ordering restitution to PECO, which qualifies as a "victim" under Section 1106. *See Veon*, 109 A.3d at 770.

In his second claim, Moulton argues that the required restitution payment of $14,067 to PECO is excessive. *Anders* Brief at 7.  This claim presents a challenge to the discretionary aspects of Moulton's sentence. *See Walker*, 666 A.2d at 307 (stating that "challenges alleging that a sentence of restitution is excessive under the circumstances have been held

---

[1] We note that Moulton's reliance upon *Runion* is misplaced.  Indeed, *Runion* was decided under an earlier version of Section 1106, and no longer applies when determining what entities are eligible to receive restitution. *See Commonwealth v. Hall*, 80 A.3d 1204, 1214-15 (Pa. 2013).

by this [C]ourt to be challenges to the discretionary aspects of sentencing")

(citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)

(quotation marks and some citations omitted).

Here, Moulton filed a timely Notice of Appeal. However, he did not raise his sentencing claim in a Motion to modify and reduce sentence or at sentencing. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1125 (Pa. 2007) (stating that "failure to file a motion for reconsideration after failing to object at sentencing [] operates to waive issues relating to the discretionary aspects of sentencing"); *see also Commonwealth v. Williams*, 787 A.2d 1085, 1088 (Pa. Super. 2001) (stating that claims challenging discretionary

- 7 -

aspects of sentencing are waived when the sentencing judge is not afforded the opportunity to reconsider or modify the sentence through a post-sentence motion or an objection at sentencing). Additionally, a Rule 2119(f) statement was not included in Moulton's appellate brief, and the Commonwealth objected to this defect. Brief for the Commonwealth at 2; *see also Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006) (stating that failure to include a Rule 2119(f) statement precludes this Court from addressing the merits of a claim when the Commonwealth objects to omission of the statement). Regardless of these defects, *Anders* requires that we examine the merits of Moulton's claims to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon counsel's request to withdraw. *See Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa. Super. 1990) (stating that discretionary aspects of sentencing raised in an *Anders* brief must be addressed on appeal, despite procedural violations properly objected to by the opposing party).

Our standard of review for challenges to discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa. Super. 2006) (citation omitted).

- 8 -

Moulton asserts that the amount of restitution is unduly burdensome, because it will interfere with his ability to fulfill financial obligations to his three young children. ***Anders*** Brief at 7.

Section 1106 states that the court shall order full restitution, "[r]egardless of the current financial resources of the defendant." ***See*** 18 Pa.C.S.A. § 1106(c)(1)(i). Additionally, a defendant's finances are not among the factors to be considered by the court when determining the amount of restitution owed. ***See id.*** § 1106(c)(2)(i).

At sentencing, the Commonwealth introduced documentation of the injuries suffered by PECO as a direct result of Moulton's actions. N.T., 1/9/15, at 13-14. Moulton's income and financial obligations were also presented. ***Id.*** at 5-6, 8, 18-19. Moreover, the trial court had the benefit of a pre-sentence investigation report. ***Id***. at 16-18; ***see also Commonwealth v. Downing***, 990 A.2d 788, 794 (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed") (quotation marks and citations omitted). Based on the foregoing, Moulton's claim that the trial court abused its discretion with regard to the amount of restitution ordered is without merit.

Our independent examination of the record indicates that there are no other claims of arguable merit. ***See Anders***, 386 U.S. at 744-45. Here, the

trial court considered the pre-sentence investigation report, the Sentencing Guidelines, the Sentencing Code, counsel's arguments, the testimony of a witness to Moulton's character, and statements from Moulton. N.T., 1/9/15, at 4-18. Accordingly, Moulton's appeal is wholly frivolous, and Foltz is entitled to withdraw as counsel.

Petition to Withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2015