J-S25016-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BEVERLY KAYE STEFFEY | : | |
| Appellant | : | No. 1158 WDA 2017 |

Appeal from the Judgment of Sentence July 11, 2017
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000693-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BEVERLY KAYE STEFFEY | : | |
| Appellant | : | No. 1159 WDA 2017 |

Appeal from the Judgment of Sentence July 11, 2017
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000694-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BEVERLY KAYE STEFFEY | : | |
| Appellant | : | No. 1160 WDA 2017 |

Appeal from the Judgment of Sentence July 11, 2017
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000695-2016

BEFORE:   GANTMAN, P.J., PANELLA, J., and OTT, J.

JUDGMENT ORDER BY PANELLA, J.:                FILED AUGUST 30, 2018

Beverly Steffey pled guilty to three counts each of theft and forgery arising from her misappropriation of over $200,000 from three non-profit organizations. The court imposed a term of incarceration of 15 to 36 months, to be followed by seven years of probation. The court further ordered Steffey to pay restitution to the three non-profit organizations.

In this appeal, Steffey contends the court lacked the authority to order her to pay restitution to a non-natural person, such as the non-profit entities in this case. We conclude Pennsylvania law clearly includes private non-natural persons within its definition of victims, and therefore affirm the judgment of sentence.

Steffey's claim presents a pure question of law, which warrants a de novo review. See Commonwealth v. Veon, 150 A.3d 435, 448 n.24 (Pa. 2016). Steffey argues that pursuant to Veon, restitution may not be awarded to non-human beings under 18 Pa.C.S.A. § 1106.

In Veon, our Supreme Court confronted the question of whether a government agency can be the recipient of an award of criminal restitution. The defendant, legislator Michael Veon, was convicted of misappropriating funds from the Department of Community and Economic Development ("DCED") and ordered to pay restitution to DCED.

Our Supreme Court deemed the imposition of restitution in favor of DCED illegal and vacated the sentence. As Steffey notes in her brief, the Veon

Court observed that § 1106 "unambiguously establishes that DCED cannot be a 'victim' because the relevant provisions provide that there can be no restitution when there is no human victim." 150 A.3d at 454 n. 29.

We acknowledge that, at first blush, this and other passages from Veon appear to support Steffey's assertion that corporations and other limited liability organizations, as non-human persons, cannot be the object of an award of restitution. However, we conclude the Supreme Court did not intend such a sweeping modification of the law of restitution in the Commonwealth. The Veon court relied upon long-standing precedent interpreting the Statutory Construction Act, 1 Pa.C.S.A. § 1991. That precedent established "the plain and ordinary meaning of the word 'person' excluded Commonwealth agencies 'where the legislature has not otherwise spoken.'" 150 A.3d at 450 (quoting Commonwealth v. Runion, 662 A.2d 617, 619 (Pa. 1995)). Thus, Commonwealth agencies were ineligible for restitution. See id.

In contrast, the Statutory Construction Act explicitly includes corporations and other limited liability organizations in the definition of "person." 1 Pa.C.S.A. § 1991. Thus, there is no need to engage in an extensive analysis of statutory construction as in Veon. The statutory scheme explicitly encompasses human persons such as those victimized by Steffey within the class of victims entitled to restitution. We therefore conclude Steffey's sole issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/30/2018