J-S75011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANN MARIE BALLENTINE | : | |
| | : | |
| Appellant | : | No. 1150 EDA 2018 |

Appeal from the Judgment of Sentence March 27, 2018
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000388-2014

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **Filed June 10, 2019**

Appellant, Ann Marie Ballentine, appeals from the orders entered in the Northampton County Court of Common Pleas denying her petition to vacate restitution and her petition to terminate parole. Ballentine contends the trial court erred in denying her petition to vacate restitution since the First Presbyterian Church of Easton ("the Church"), to whom restitution is to be paid, is a corporation and not an individual under 18 Pa.C.S.A § 1106. She further contends the trial court erred in denying her request to terminate parole, claiming she did not willfully violate her parole, and made every effort to pay. We affirm.

From approximately October of 2006 until October of 2013, Ballentine stole $317,937.35 from the Church while acting in her capacity as treasurer. Ballentine subsequently pled guilty to one count of theft by failure to make required disposition of funds, agreeing that she utilized Church funds for her

own use. Sentencing was deferred for preparation of a presentence investigation report.

On December 23, 2014, Ballentine was sentenced to nine to twenty-three months' imprisonment and was further ordered to pay restitution in the amount of $352,104.27 to the Church and $10,000.00 to Guide One Insurance, which insured the Church.

In September of 2015, Ballentine was paroled and agreed to pay $500.00 per month towards restitution. The court subsequently granted her request to reduce her monthly payments to $300.00 per month. In December 2016, the trial court revoked her parole, based upon a finding she had committed a technical violation by not fully paying off the entire amount of restitution. The court denied her credit for her time on parole, immediately re-paroled her, and increased her monthly restitution payment to $356.00.

On November 15, 2017, the Commonwealth filed a petition to review Ballentine's parole alleging she had failed to pay restitution in full. The Commonwealth asserted that the court should find Ballentine in technical violation of her parole, as she had not fully paid restitution.

In response, Ballentine filed a petition requesting vacation of her restitution and termination of her parole. She argued that the Church was not entitled to restitution pursuant to **Commonwealth v. Veon**, 150 A.3d 435, 456 (Pa. 2016). Further, she contended her continuing parole status impeded her earning capacity.

The court subsequently denied the petition on both issues.[1] The court further ordered that Ballentine was to remain under supervision of the Northampton County Probation Office for a twenty-four month period, or until restitution was paid in full.

Ballentine filed this timely appeal on April 11, 2018. The very next day, the trial court issued an order accomplishing three objectives.[2] First, the order found that Ballentine was in technical violation of her parole. Second, the order denied her credit for her time spent on parole and immediately re-paroled her. Finally, the order amended the March 27, 2018, order imposing twenty-four months of supervision to impose a fourteen month sentence.[3]

In her first issue on appeal, Ballentine contends the trial court erred in denying her petition to vacate restitution. Specifically, Ballentine argues the Church is a corporation and not an individual under 18 Pa.C.S.A. § 1106.

_____

[1] The trial court denied the petition to vacate restitution on March 23, 2018. The court deferred a decision on the petition to terminate parole. On March 27, 2018, the trial court denied the petition to terminate parole.

[2] Ballentine has not challenged the court's amendment of the order after she filed her appeal.

[3] The trial court erred in its order denying Ballentine's petition to terminate parole when it ordered that she remain under supervision for a period of twenty-four months. *See Commonwealth v. Fair*, 497 A.2d 643, 645 (Pa. Super. 1985). However, the trial court corrected this error by issuing a new order on April 12, 2018, striking the twenty-four month probation period from the previous order, and imposing a new fourteen month sentence without credit for previous time on parole.

Ballentine asserts that pursuant to **Veon**, 150 A.3d at 456, restitution may not be awarded to a non-human being under section 1106.

Ballentine's claim presents a pure question of law, which warrants a *de novo* review. "It is well settled that a challenge to a court's authority to impose restitution is generally considered to be a challenge to the legality of the sentence." **Commonwealth v. Gentry**, 101 A.3d 813, 816 (Pa. Super. 2014) (citation omitted). In a challenge to the legality of sentence, our standard of review is whether the sentencing court committed an error of law. **Commonwealth v. Dietrich**, 970 A.2d 1131, 1133 (Pa. 2009) (citation omitted).

"The imposition of restitution is within the sound discretion of the sentencing court and must be supported by the record." **Commonwealth v. Solomon**, 25 A.3d 380, 389 (Pa. Super. 2011) (citation omitted). "[T]he primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is [the offender's] responsibility to repair the loss or injury as far as possible." **Commonwealth v. Biauce**, __ A.3d __, __ (Pa. Super., filed May 15, 2017) (brackets in original) (citation omitted).

We conclude Pennsylvania law[4] includes private non-natural persons within its definition of victims.

_____

[4] We note this issue is currently before the Pennsylvania Supreme Court in a case with a similar factual background. The Pennsylvania Supreme Court

We find the holding in *Veon* is distinguishable and inapplicable to this case. Generally, the word "person" when used in a statute is held to include corporations. *See Casco Products Corp. v. Hess Bros., Inc.*, 132 A.2d 922, 925 (Pa. Super. 1957). In contrast, in *Veon*, the Pennsylvania Supreme Court relied on long-standing precedent interpreting the Statutory Construction Act holding that Commonwealth agencies were clearly excluded from the definition of "person." 150 A.3d at 450 (quoting *Commonwealth v. Runion*, 662 A.2d 617, 619 (Pa. 1995)).

The narrowness of the *Veon* holding is buttressed by the fact that the Statutory Construction Act explicitly includes corporations and other limited liability organizations in the definition of "person," while explicitly excluding Commonwealth governmental entities:

> **"Person."** Includes a corporation, partnership, limited liability company, business trust, other association, government entity (other than the Commonwealth), estate, trust, foundation or natural person.

1 Pa.C.S.A. § 1991. Thus, the statutory scheme clearly encompasses certain nonhuman entities, such as the nonprofit victimized by Ballentine, within the class of victims entitled to restitution.

Therefore, we find the trial court did not err in denying the petition to vacate restitution. Ballentine's first issue merits no relief.

_____

granted allocator on February 21, 2019 in *Commonwealth v. Steffey*, 203 A.3d 202, to determine whether this Court erred in upholding a sentence to pay restitution to a nonprofit corporation, in light of *Veon*.

In her second issue on appeal, Ballentine contends the trial court erred in denying her request to terminate parole. She further argues that the trial court erred by revoking her parole and not giving her credit for time on parole. She claims that since she did not willfully violate the parole and made every effort to pay as much as she could afford each month toward the restitution, the court erred in revoking parole.

Under Pennsylvania Law, when an offender is found to be in noncompliance with a restitution order, "the court shall order a hearing to determine if the offender is in contempt of court or has violated his probation or parole." 18 Pa.C.S.A. § 1106(f).

> Prior to revoking probation on the basis of failure to pay fines, costs or restitution, the court must inquire into the reasons for a defendant's failure to pay and make findings pertaining to the willfulness of the party's omission.
>
> * * *
>
> After making those determinations, *if the court finds the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court should then consider alternatives to incarceration*.

**Commonwealth v. Ballard**, 814 A.2d 1242, 1247 (Pa. Super. 2003) (citations and internal quotation marks omitted) (emphasis added).

In the instant case, the trial court held a hearing on March 23, 2018, to address the issue of Ballentine's failure to immediately pay restitution in full. In revoking parole, but not incarcerating Ballentine, the court took into consideration Ballentine's failure to pay, as well as the reasons for her failure.

It concluded her failure was not willful. The court also noted that it was not anyone's intention to incarcerate Ballentine. Rather, the court concluded that continued parole was an appropriate alternative remedy for Ballentine's failure to pay full restitution. The court further made the supervision nominal, so as not to be punitive but rather to keep her on track for complying with the restitution order.

Therefore, the trial court considered all the appropriate circumstances. Further, it considered, and ultimately imposed, an alternative to incarceration as a result. It therefore did not err in revoking Ballentine's parole and denying her credit for her time on parole. The court's alternative to incarceration accomplished the twin goals of minimizing the financial impact on Ballentine while maintaining an incentive to continue paying restitution to the Church.

We find Ballentine is not entitled to relief on either of her claims. As a result, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2019