J-S20009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RAY REINERT :
:
Appellant : No. 1408 MDA 2024

Appeal from the Judgment of Sentence Entered August 27, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001425-2024

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: DECEMBER 18, 2025**

Appellant, Ray Reinert, appeals from the judgment of sentence entered on August 27, 2024, in the Criminal Division of the Court of Common Pleas of Dauphin County, as made final by the denial of Appellant's post-sentence motion on September 18, 2024. We affirm.

The relevant facts are undisputed. On or around March 27, 2022, Appellant (without license, authority, or permission) entered the property of Bitner Electric in Swatara Township, Dauphin County, Pennsylvania, along with Travis Hoffman. N.T. Plea Hearing and Sentencing, 8/27/24, at 3-4. While on the property, the pair stole a substantial amount of copper wire, a chainsaw, and damaged several security cameras. **Id.** at 4. Thereafter, on June 26, 2024, the Commonwealth filed an information charging Appellant with: Count 1 – conspiracy to commit criminal trespass (18 Pa.C.S.A. §§ 903 and 3503(a)(1)(i)); Count 2 – criminal trespass/entering structure (18

Pa.C.S.A. § 3503(a)(1)(i)); Count 3 – theft by unlawful taking/movable property (18 Pa.C.S.A. § 3921(a)); and, Count 4 – criminal mischief/damage to personal property (18 Pa.C.S.A. § 3304(a)(5)).

On August 27, 2024, Appellant entered a partially negotiated guilty plea to all charges. N.T. Plea Hearing and Sentencing, 8/27/24, at 2. The Commonwealth and the defense agreed to a probationary sentence but left the length of the sentence to the discretion of the trial court. *See id.* Hence, at Counts 1, 2 and 3, the trial court ordered that Appellant serve three concurrent, probationary sentences of 36 months. *See id.* at 6. In addition, Appellant, at each count, was ordered to pay costs and a fine of $150.00. *See id.* At Count 4, the court directed Appellant to pay, in monthly installments, restitution in the amount of $1,000.00 to Bitner Electric. Appellant's payment obligation was imposed jointly and severally with his co-defendant, Hoffman, and included as a special condition of Appellant's probation. *See id.* at 6-7. Because of its restitution order, the court imposed no further sentence at Count 4.[1] *See id.* at 6.

On August 28, 2024, the Commonwealth filed a post-sentence motion seeking modification of the court's restitution order to $8,355.05 to match the amount imposed in Hoffman's case. *See* Commonwealth's Motion to Amend Restitution, 8/28/24. On September 6, 2024, Appellant filed his own post-sentence motion, challenging the duration of his period of supervision

---

[1] The trial court agreed to a defense request to transfer Appellant's supervision to Berks County. N.T. Plea Hearing and Sentencing, 8/27/24, at 6-8.

but not the amount of restitution. After the Commonwealth responded on September 13, 2024, the trial court entered an order on September 18, 2024 that denied Appellant's motion but granted the Commonwealth's motion. In granting the Commonwealth's motion, the court ordered Appellant to pay restitution to Bitner Electronics and/or its insurer, Penn National Insurance Company, in the amount of $8,355.05. Again, Appellant's restitution obligation was imposed on a joint and several basis with Hoffman's obligation.

Appellant filed a timely notice of appeal on September 30, 2024. Thereafter, on October 17, 2024, Appellant filed a concise statement of errors complained of on appeal pursuant to an order of court. On November 25, 2024, the trial court entered its opinion under Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review.

> Did the trial court abuse its discretion when it imposed, on an offense carrying RS-1(P1) guidelines, a three-year probationary sentence solely to ensure [Appellant] would pay the restitution, failed to consider his actual rehabilitative needs, and was outside the recommended probation range?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence; hence, we first consider whether we have authority to reach the merits of his contentions.

> "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

- 3 -

> (1) whether the appeal is timely; (2) whether [the] appellant preserved his[, or her,] issues; (3) whether [the] appellant's brief includes a [Pennsylvania Rule of Appellate Procedure] 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.
>
> ***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).
>
> "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his[, or her] issues at sentencing or in a post-sentence motion. Issues not presented to the [trial] court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a).
>
> "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted).

***Commonwealth v. Pisarchuk***, 306 A.3d 872, 878 (Pa. Super. 2023) (original brackets and extraneous capitalization omitted), *appeal denied*, 318 A.3d 95 (Pa. 2024); ***see also Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, Appellant filed a timely post-sentence motion, followed by a timely notice of appeal. In his post-sentence motion, Appellant noted that the only reason offered by the court to justify the length of his probationary sentence was that its duration afforded Appellant sufficient time to satisfy his restitution obligation before the expiration of his sentence. ***See*** Appellant's Post-Sentence Motion, 9/6/24, at ¶ 14 (not paginated). Appellant explained that it was impermissible for the trial court to base the length of his

probationary sentence on the need or desire to facilitate the collection of restitution. *See id*. at ¶ 15. Appellant therefore asked the trial court to reduce his sentence to concurrent terms of not more than one year of probation on Counts 1, 2, and 3. As these are the precise claims Appellant raises on appeal, we conclude that Appellant preserved his current claims before the trial court.

Additionally, Appellant included within his appellate brief a statement pursuant to Pa.R.A.P. 2119(f), in which he claimed that the trial court imposed an unreasonable sentence outside the sentencing guidelines. *See* Appellant's Brief at 9. A substantial question is presented "where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa. Super. 2002), *quoting Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001). A claim asserting that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges raises a substantial question for our review. *See Griffin*, 804 A.2d at 7.

Finally, before reaching the merits of Appellant's claims, we must determine whether, in light of his negotiated guilty plea, Appellant retains the right to challenge the discretionary aspects of his sentence. "Generally, a [guilty] plea amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290

(Pa. Super. 2017) (citation omitted). It is well-settled that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted), *appeal denied*, 990 A.2d 726 (Pa. 2010); *see also Commonwealth v. Alameda*, 339 A.3d 504, 511 (Pa. Super. 2025) (stating, "[w]here the plea agreement provides specific penalties, an appeal from a discretionary sentence will not stand; however, where the plea agreement provides for no sentencing restrictions, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing" (citation, original quotation marks, and ellipsis omitted)); *Morrison*, 173 A.3d at 290. "Permitting a defendant to petition [to appeal the discretionary aspects of his sentence] would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained." *Brown*, 982 A.2d at 1019. In a situation involving a hybrid plea agreement, which is a negotiated plea agreement that specifies some but not all aspects of the sentence, an appellant may seek a limited appeal of the discretionary aspects of the hybrid plea agreement upon which there was no specific agreement. *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995); *see also Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1078 (Pa. 2018); *Brown*, 982 A.2d at 1019; *Alameda*, 339 A.3d at 511.

Here, the parties agreed to probationary sentences but left the duration of Appellant's period of supervision up to the court. As such, Appellant can challenge the duration of the supervisory period of his probationary sentences. *See Heaster*, 171 A.3d at 271; *see also Alameda*, 339 A.3d at 511.

We are mindful of our well-settled standard of review in reviewing the sentencing determination of a trial court.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009).

Section 9721(b) of the Sentencing Code requires a trial court, in fashioning its sentence, to, *inter alia*, "follow the general principle that the sentence imposed should call for total confinement that is consistent with [S]ection 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Section 9781 of the Sentencing Code governs appellate review of a sentence and requires this Court to vacate a sentence and remand the case to the trial court if we find "(1) the [trial] court purported to sentence within the sentencing guidelines but applied the guidelines erroneously; (2) the

[trial] court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or (3) the [trial] court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(1-3) (formatting modified). Otherwise, this Court shall affirm the judgment of sentence. 42 Pa.C.S.A. § 9781(c). In conducting our review of a judgment of sentence, we "shall have regard for: (1) The nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) The opportunity of the [trial] court to observe the defendant, including any presentence investigation[;] (3) The findings upon which the sentence was based[;] (4) The guidelines promulgated by the commission." 42 Pa.C.S.A. § 9781(d)(1-4) (formatting modified).

The parties agree that Appellant had a prior record score of zero and that, because the incident occurred in 2022, the seventh edition of the guidelines governed this case.[2] *See* Appellant's Brief at 10-11; *see also* Commonwealth's Brief at 11-12; 204 Pa. Code. § 303.1. If imposed consecutively, the maximum supervisory sentence recommended under the applicable sentencing guidelines was four years of probation. *See* Appellant's Brief at 12; *see also* Commonwealth's Brief at 12.

---

[2] The parties also agreed that: "[f]or violations of 18 Pa.C.S.A. §§ 3503 (criminal trespass), 903 (conspiracy), 3921 (theft by unlawful taking), and 3304 (criminal mischief), the [respective] offense gravity scores [were] 3, 3, 5 and 1." *See* Appellant's Brief at 10; *see also* Commonwealth's Brief at 12; 204 Pa. Code § 303.15.

- 8 -

Appellant claims that the trial court abused its discretion in imposing a three-year probationary sentence. According to Appellant, the court offered an inadequate explanation for imposing a supervisory sentence of three years and, instead, impermissibly considered the amount of restitution owed by Appellant in fixing the duration of his probationary sentence. *See* Appellant's Brief at 7. Because the amount of restitution is not a listed factor amongst the relevant sentencing considerations, Appellant asks this Court to vacate his sentence. *See id*.

Section 9754 of the Sentencing Code authorizes the trial court to order probation at sentencing and to specify the duration of any supervisory term, which may not exceed the maximum term for which the defendant could be confined. *See* 42 Pa.C.S.A. § 9754(a). In imposing an order of probation, the court must consider probation guidelines adopted by the Pennsylvania Commission on Sentencing under Sections 2154 (relating to adoption of guidelines for sentencing) and 2154.1 (relating to adoption of guidelines for restrictive conditions). *See* 42 Pa.C.S.A. § 9754(a). The court shall attach reasonable conditions authorized by Section 9763 (relating to conditions of probation). *See* 42 Pa.C.S.A. § 9754(a).

In relevant part, Section 9763 provides that restitution may be ordered as a condition of probation:

### § 9763. Conditions of probation

**(a) General rule.**--In imposing probation, the court shall consider guidelines adopted by the Pennsylvania Commission on Sentencing under section 2154 (relating to adoption of guidelines

for sentencing) or 2154.1 (relating to adoption of guidelines for restrictive conditions) and specify at the time of sentencing the conditions of probation, including the length of the term of restrictive conditions under subsection (c) or (d). The term of restrictive conditions under subsection (c) shall be equal to or greater than the mandatory minimum term of imprisonment required by statute.

**(b) Conditions generally.**--Conditions shall be assessed and ordered based on individualized circumstances. Following an individualized assessment of the defendant, including the defendant's history and the underlying crime or crimes committed, the court shall attach only those conditions that the court deems necessary and the least restrictive means available to promote the defendant's rehabilitation and protection of the public, including any of the following:

…

(10) To make restitution of the fruits of the crime or to make reparations, **in an affordable amount and on a schedule that the defendant can afford to pay, for the loss or damage caused by the crime**[.]

42 Pa.C.S.A. § 9763(a) and (b)(10) (emphasis added). Our Supreme Court has long recognized that criminal rehabilitation is one of the primary purposes of restitution since it makes clear to offenders that their criminal conduct caused the victim's loss or personal injury and that it is their responsibility to repair the loss or injury as far as possible.[3] *See Commonwealth v. Brown*,

_____

[3] Section 1106(a)(1) of the Crimes Code makes restitution mandatory whenever the "property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of [a] crime. 18 Pa.C.S.A. § 1106(a)(1). "Whenever restitution has been ordered pursuant to [Section 1106(a)] and the offender has been placed on probation or parole, the offender's compliance with such order may be made a condition of such probation or parole." 18 Pa.C.S.A. § 1106(b).

981 A.2d 893, 901 (Pa. 2009); **Commonwealth v. Runion**, 662 A.2d 617, 618 (Pa. 1995) (listing cases).

We have carefully examined the trial court's individualized assessments of Appellant, including his employment status, the circumstances of his crimes, and his willingness and ability to make amends to his victims. The record confirms that the trial court carefully weighed the relevant considerations and exercised sound judgment in fixing the duration of Appellant's supervisory sentence. Since the trial court's actions were consistent with its statutory authorization and discretionary authority, we reject Appellant's challenge to the discretionary sentencing challenge.

We begin by recounting the trial court's statements on the record at sentencing and in the observations included in its opinion.

> THE COURT. All right. How long do you think it would take to pay off costs, fine, and half the restitution?
>
> THE DEFENDANT: I don't want to agree to a large amount per month because I 'm self-employed. Winter times get real slow.
>
> THE COURT: What do you do?
>
> THE DEFENDANT: I'm a stone mason.
>
> THE COURT: Okay. Well not a lot of masonry work going on in the wintertime. All right. I gotcha.
>
> THE DEFENDANT: When it gets cold, you can only do so much.
>
> THE COURT: Well I understand. All right. Well, I'll give you enough time, and then if he completes all his conditions and makes all the payment, we can always end the probation

- 11 -

earlier.

THE DEFENDANT: Thank you.

N.T. Sentencing, 8/27/24, at 5-6.

We ordered the three-year probationary period to allow [Appellant] to engage in his trade and earn income to pay the fine, costs and restitution. A shorter period of probation would render [Appellant's] compliance with monetary conditions more difficult. We stated our willingness to terminate supervision early. Further, we allowed transfer of probation to the county where [Appellant] lives and works.

Accordingly, we properly exercised our discretion in sentencing.

Trial Court Opinion, 11/25/24, at 5-6.

The record is clear that the trial court, consistent with its statutory authority, found restitution to be a necessary means to promote both Appellant's rehabilitation and the protection of the public. It is equally clear that the court secured Appellant's input in imposing a supervisory sentence that would serve as the least restrictive method of achieving the related goals of criminal rehabilitation and public protection. In view of the record evidence, we are satisfied that the court employed both reason and judgment in determining Appellant's sentence and that it did not abuse its discretion in imposing a three-year probationary term.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/18/2025